IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Logan Saunders,<br><br>                          Plaintiff,<br><br>vs.<br><br>Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi, Michael Vinzani, Graham Harmon, and Walker Wood,<br><br>                          Defendants. | Civil Action No. 3:23-cv-02413-SAL<br><br>**Notice of Removal**<br>by Defendant Beta Upsilon Chi Fraternity, Inc. |

Defendant Beta Upsilon Chi Fraternity, Inc. a/k/a Beta Upsilon Chi (the "Fraternity Corporation") removes this action from the South Carolina Court of Appeals and the Fifth Judicial Circuit Court of Common Pleas in Richland County, South Carolina, to the United States District Court for the District of South Carolina under 28 U.S.C. §§ 1332, 1367(a), 1441, and 1446.[1] The Fraternity Corporation denies the allegations of the Complaint and files this Notice without waiving any defenses, motions, exceptions, or rights that may exist in its favor in any court.

**Grounds for Removal**

**I.     The procedural requirements for removal have been satisfied.**

    **A.     This Notice of Removal is timely filed.**

Although Plaintiff Logan Saunders filed his Summons and Complaint in civil action number 2021-CP-40-03542 with the Fifth Judicial Circuit Court of Common Pleas on July 15, 2021, Plaintiff failed to serve the Fraternity Corporation with process of the lawsuit within the

---

[1] This division is the proper division for removal because the state court action was filed in Richland County, South Carolina. 28 U.S.C. § 1446(a). Although the Fraternity Corporation maintains the case does not present a permissible interlocutory appeal, this case is currently pending in the South Carolina Court of Appeals, a "State court" under 28 U.S.C. § 1441(a).

120-day time period required by South Carolina law and court rule. S.C. Code Ann. § 15-3-20 (setting 120-day deadline for service of process); Rule 3, SCRCP (same). As a result, Plaintiff did not commence his lawsuit when he filed it with the Clerk in July 2021.

Because of Plaintiff's delay in service of process, the Fraternity Corporation files this Notice of Removal within thirty days of the Court's order adjudicating service, making it timely under 28 U.S.C. § 1446(b)(2). *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999). For similar reasons, then, the one-year time bar for removal of diversity actions does not apply. 28 U.S.C. § 1446(c)(1) (prohibiting removal "more than 1 year after *commencement* of the action[.]" (emphasis added)); *Wilder v. Izuzu Inc.*, No. 3:06–1103–CMC, 2006 WL 1488836, at *1 (May 24, 2006) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740 (1980)) (holding that under diversity jurisdiction, "claims pursued in federal court are subject both to the state's relevant statute of limitations and to the state's corresponding rules regarding commencement of an action."); *cf. Lovern v. General Motors Corp.*, 121 F.3d 160 (4th Cir. 1997) (noting that one-year removal deadline runs from commencement).

### B. The Fraternity Corporation has complied with the removal requirements.

The Fraternity Corporation files true and correct copies of the Complaint and all process, pleadings, and other materials filed by Plaintiff with the Circuit Court and the Court of Appeals as **Exhibit 1** and **Exhibit 2**, respectively. Additionally, the Fraternity Corporation is providing written notice of this removal to Plaintiff and the state courts under 28 U.S.C. § 1446(d). Thus, the Fraternity Corporation has timely complied with the procedural requirements for removal.

## II. The Court has diversity jurisdiction over Plaintiff's claims.

This action is within the original jurisdiction of the United States District Court for the District of South Carolina based on diversity of citizenship under 28 U.S.C. § 1332(a)(1). This

section provides district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

### A.     The properly joined and served parties are completely diverse.

Removal under 28 U.S.C. §§ 1332, 1441, and 1446 is appropriate because the properly joined and served parties are completely diverse. Plaintiff is a citizen and resident of Greenville County, South Carolina. (Compl. ¶ 2.) The Fraternity Corporation is organized in the State of Texas with its principal place of business in Texas. The Fraternity Corporation is not a citizen of South Carolina, so the parties are completely diverse. *Trans Energy, Inc. v. EQT Prod. Co.*, 743 F.3d 895, 901 (4th Cir. 2014) (citing *Gen. Tech. Applications, Inc. v. Exro Ltda*, 388 F.3d 114, 120 (4th Cir. 2004)). So these two parties are completely diverse.

### B.     The remaining defendants have been fraudulently joined.

The remaining defendants, Michael Vinzani, Graham Harmon, and Walker Wood ("Individual Defendants"), are fraudulently joined in this action. *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quoting *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999)). In the nearly two years since Plaintiff filed his case, he has not served Individual Defendants with process, and no viable action against them exists. *See* S.C. Code Ann. §§ 15-3-530(5), 15-3-550 (setting applicable statutes of limitation); *see also* S.C. Code Ann. § 15-3-20 (setting 120-day deadline for service of process); Rule 3, SCRCP (same). Therefore, Plaintiff's naming of the Individual Defendants does not destroy diversity. *Johnson*, 781 F.3d at 704 (quoting *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999)). Nor does the forum-defendant rule bar removal. 28 U.S.C. § 1441(b)(2) ("A civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest *properly joined and*

*served* as defendants is a citizen of the State in which such action is brought."); *see also Goodwin v. Reynolds*, 757 F.3d 1216, 1221 (11th Cir. 2014) (explaining that rule "has been interpreted as an effort to prevent gamesmanship by plaintiffs from joining forum defendants merely to preclude federal jurisdiction."). Therefore, complete diversity of the properly joined and served parties exists in this case.

        **C.**      **The amount in controversy exceeds $75,000.**

In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (alteration in original) (quoting *Gov't Employees Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). The Court may determine the amount in controversy based upon the allegations of the complaint and other relevant material in the record. *Stewart v. AT & T Mobility LLC*, No. 3:10-3083-CMC, 2011 WL 3626654, at *2 (D.S.C. July 21, 2011) (explaining that for a diversity jurisdiction analysis, the court may consider "the complaint and any amendments thereto, the notice of removal filed with a federal court, and other relevant materials in the record"). The Court's determination as to the amount in controversy must also include consideration of any requests for punitive damages and/or attorneys' fees made by the Plaintiff. *See Mattison v. Wal-Mart Stores, Inc.*, No. 6:10-CV-01739-JMC, 2011 WL 494395, at *3 (D.S.C. Feb. 4, 2011); *Phillips v. Whirlpool Corp.*, 351 F. Supp. 2d 458, 462 (D.S.C. 2005) ("[W]here statutory provisions authorize the recovery of attorneys' fees, those fees may be included as part of the amount in controversy"). And the Court must also consider any requests for injunctive relief. *See Hunt v. Wash. State Apple Advertising Comm'n*, 432 U.S. 333, 347 (1977). When the aggregate damages a party may recover exceed $75,000, the amount-in-controversy requirement for diversity jurisdiction is satisfied. *See* 28 U.S.C. § 1332(a).

Although the Fraternity Corporation disputes Plaintiff's entitlement to any relief, the amount in controversy requirement has been met based on the damages Plaintiff seeks in the Complaint. First, Plaintiff alleges that he has incurred "incidental, consequential and special and punitive damages, which include but are not limited to, harm in the form of actual and future damage to Plaintiff's reputation and goodwill, loss of time, damage to relationships and personal reputation, emotional harm and distress." (Compl. ¶¶ 76, 42, 59; Compl. at 15 ("WHEREFORE" clause).) Although he does not put a specific value on these damages in the Complaint, he does refer to judgments he obtained against two individuals who accused him of sexual assault, arguing that the Fraternity Corporation's liability and damages is somehow compelled based on those judgments. (Compl. ¶¶ 54, 84–86.) Indeed, Plaintiff even alleges that his "likelihood of success on these claims is also established by the judgments obtained in Case No. 2019-CP-40-06183 as against Plaintiff's accusers." (*Id.* ¶ 88.) As public court records show, those judgments resulted from Rule 68 offers of judgment made by Plaintiff for a combined $85,000, which were timely accepted and satisfied. (*See* **Exhibit 3**, Excerpted State Court Judgment Records, *Saunders v. Wallace*, No. 2019-CP-40-06183.)[2] These combined amounts exceed the jurisdictional threshold.

Second, Plaintiff seeks punitive damages and attorneys' fees. (Compl. ¶¶ 58, 76; Compl. at 15 ("WHEREFORE" clause).) These damages must also be considered in determining the amount in controversy. *See Mattison*, 2011 WL 494395, at *3 (holding that court must consider request for punitive damages and attorneys' fees in calculating the amount in controversy). This "claim for punitive damages alone makes it virtually impossible to say that the claim is for less

---

[2] The Court may properly consider these records in determining the amount in controversy. *Stewart v. AT & T Mobility LLC*, No. 3:10-3083-CMC, 2011 WL 3626654, at *2 (D.S.C. July 21, 2011). In any event, Plaintiff is in no place to complain about considering these documents as he relies on the judgments in his Complaint, and filed many of the documents through his counsel. The Court may also take judicial notice of these records. Fed. R. Evid. 201.

than the jurisdictional amount." *Woodward v. Newcourt Commercial Fin. Corp.*, 60 F. Supp. 2d 530, 532 (D.S.C. 1999). On the relief in the form of attorneys' fees, even assuming a modest rate of $400/hour, if Plaintiff's counsel spends only 80 hours to litigate this case through judgement, the total lodestar would equal to roughly half of the jurisdictional amount alone. *See Liberty Mut. Ins. Co. v. Employee Res. Mgmt., Inc.*, 176 F. Supp. 2d 510, 532 (D.S.C. 2001) (applying lodestar method to determine attorneys' fees under diversity jurisdiction).

Third, Plaintiff's request for injunctive relief also confirms that the amount-in-controversy requirement has been satisfied here. "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977). On this point, Plaintiff claims to have suffered "severe, extensive, and irreparable damage to the Plaintiff's reputation[.]" (Compl. ¶ 59.) Surely, then, the value that Plaintiff would receive from enjoining such damage would exceed the jurisdictional threshold, especially when combined with the other relief Plaintiff seeks.

Combined, the "the pecuniary result" to Plaintiff that any "judgment would produce" would exceed the amount in controversy required by 28 U.S.C. § 1332(a). *Dixon*, 290 F.3d at 710. Therefore, the court has diversity jurisdiction over Plaintiff's claims under 28 U.S.C. § 1332.

### III.   The Court has supplemental jurisdiction over Plaintiff's remaining claims.

This action is also within the original jurisdiction of the United States District Court for the District of South Carolina based on supplemental jurisdiction under 28 U.S.C. § 1367(a). This section provides district courts with "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1332(a)(1). Claims

arising out of the same case or controversy are those "deriv[ing] from a common nucleus of operative fact." *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 588 (2005) (alteration in original) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

All of Plaintiff's claims arise out of their dispute with the Fraternity Corporation about the alleged defamation and the Fraternity Corporation's investigation into those statements. Plaintiff's complaint uses the same factual allegations about the events from 2017–18, (*see* Compl. ¶¶ 8–42), to support all of his claims by incorporating those allegations by reference, (*see id*. ¶¶ 49, 66, 83). Likewise, Plaintiff includes the same allegations about damages, (Compl. ¶¶ 1, 42), and prayer for relief for his claims, (Compl. at 15). Thus, the Court has supplemental jurisdiction over any claim over which it does not otherwise have diversity jurisdiction.

### IV.   Request for briefing and oral argument.

If any question arises as to the propriety of the removal of this matter, the Fraternity Corporation requests the opportunity to present briefs, oral argument, and if necessary, affidavits and other evidence in support of its position that removal is proper. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88–89 (2014); *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008).

### Conclusion

For the reasons set forth above, the Fraternity Corporation removes this matter from the South Carolina Court Appeals and the Court of Common Pleas for the Fifth Judicial Circuit in Richland County, South Carolina to the United States District Court for the District of South Carolina, Columbia Division under 28 U.S.C. §§ 1332, 1367, 1441, and 1446.

**[Signature on following page.]**

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Matthew A. Abee*
    Matthew A. Abee, Federal Bar No. 11747
    E-Mail: matt.abee@nelsonmullins.com
    Tyler Walker, Federal Bar No. 13975
    Email: tyler.walker@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC 29201
    (803) 799-2000

*Attorneys for Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi*

Columbia, South Carolina
June 2, 2023