# Exhibit 1

State Court Filings – Circuit Court
*Saunders v. Beta Upsilon Chi Fraternity, Inc.*, No. 2021-CP-40-03542

ELECTRONICALLY FILED - 2021 Jul 15 6:05 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | 5TH JUDICIAL CIRCUIT |
| | | |
| Logan Saunders, | ) | |
| | ) | Case No: 2021-CP-40-_____ |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **SUMMONS** |
| Beta Upsilon Chi Fraternity, Inc., a/k/a Beta | ) | (jury trial demanded) |
| Upsilon Chi , Michael Vinzani, Graham | ) | |
| Harmon, and Walker Wood, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TO:    THE DEFENDANTS ABOVE-NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to said Complaint upon the subscriber, at his office at Post Office Box 9398, Greenville, South Carolina 29604, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, judgment by default will be rendered against you for the relief demanded in the Complaint.

                    **WESLEY D. FEW, LLC**

                    ___s/Wesley D. Few/_____
                    Wesley D. Few, S.C. Bar No. 15565
                    Post Office Box 9398
                    Greenville, South Carolina 29604
                    (803) 223-6942 | wes@wesleyfew.com

                    ATTORNEYS FOR PLAINTIFF

Greenville, South Carolina
July 15, 2021

1

ELECTRONICALLY FILED - 2021 Jul 15 6:05 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | 5TH JUDICIAL CIRCUIT |
| | | |
| Logan Saunders, | ) | |
| | ) | Case No: 2021-CP-40-_____ |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon | ) | (jury trial demanded) |
| Chi, Michael Vinzani, Graham Harmon, and Walker | ) | |
| Wood, | ) | |
| | ) | |
| Defendants.. | ) | |
| | ) | |

COMES NOW, Plaintiff Logan Saunders ("Plaintiff" or "Logan") complaining of the Defendants as follows:

1.      This action arises out of events that occurred in or around the University of South Carolina, beginning on or about December 12, 2017, wherein Defendants privately and publicly falsely accused Plaintiff of criminal sexual assaults, and have failed to properly investigate their allegations, thereby permitting repeated false statements about Plaintiff to cause still further stress and damage to Plaintiff as set forth herein.

## PARTIES / VENUE

2.      Plaintiff Logan Saunders ("Plaintiff" or "Logan") is a resident of Greenville County, South Carolina, and was a student at the University of South Carolina when the events in question occurred.

2

ELECTRONICALLY FILED - 2021 Jul 15 6:05 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

3.      Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi ("BYX") is and was at all relevant times a non-profit corporation, on information and belief, formed under the laws of the state of Texas, and having a chapter at the University of South Carolina.

4.      Michael Vinzani ("Vinzani"), is, on information and belief, a resident of Charleston County, South Carolina, and was a student at the University of South Carolina and a member and officer with BYX when the events in question began in Richland County, South Carolina.

5.      Graham Harmon ("Harmon"), is, on information and belief, a resident of Richland County, South Carolina, and was a student at the University of South Carolina and a member and officer with BYX when the events in question began in Richland County, South Carolina.

6.      Walker Wood ("Wood"), is, on information and belief, a resident of Beaufort County, South Carolina, and was a student at the University of South Carolina and a member and officer with BYX when the events in question began in Richland County, South Carolina.

7.      This Court has jurisdiction over this action and venue is proper in this County because one or more of the Defendants resides and / or operates in the County, and because the events giving rise to the claims occurred in the County.

## FACTUAL ALLEGATIONS

8.      Plaintiff is 22 years old and was a student at the University of South Carolina when the events giving rise to the claims set forth herein began and have since occurred.

9.      At the time of the events in question, Plaintiff was a member of the BYX fraternity chapter at the University of South Carolina.

10.     As a result of the actions of the Defendants described herein, the Plaintiff's rights

ELECTRONICALLY FILED - 2021 Jul 15 6:05 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

and / or abilities to continue to participate in many of the above-described activities were wrongfully terminated.

11.    On or about December 12, 2017, Defendants in their individual capacities and in their capacities as officers and members of BYX began making allegations about the Plaintiff that were false.

12.    The falsity of the allegations repeated by Defendants is set forth and established by judgments entered and of record in that certain lawsuit known as *Logan Saunders v. Elizabeth Wallace, and Lauren Skipper*, 2019-CP-40-06183.

13.    After the false allegations regarding Plaintiff were initially set forth on or about December 12, 2017, Defendants repeated these defamatory *per se* allegations, and, on information and belief, continue to repeat these allegations to this day.

14.    BYX was, on information and belief, a registered student organization with the University of South Carolina, and, as such, was required to comply with all applicable regulations and policies of the University.

15.    Sometime in 2018, Defendant BYX initiated an investigation into the allegations being made against the Plaintiff.

16.    During the course of this investigation, an individual was appointed by BYX to conduct and lead the investigation.

17.    During the course of this person's investigation, which included complete cooperation from Plaintiff and, on information and belief, interviews of one Plaintiff's accusers, it apparently became known to Defendants that the person appointed by BYX to conduct the

ELECTRONICALLY FILED - 2021 Jul 15 6:05 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

investigation was going to find that Plaintiff had not committed the acts as alleged, and was going to also recommend that Plaintiff be "reinstated" as a BYX member.

18.    In 2017 and 2018, Defendant Vinzani was involved in a close personal dating relationship with one of the Plaintiff's accusers.

19.    All Defendants, including BYX officials, members and local officers, knew of this close personal dating relationship between Defendant Vinzani and Plaintiff's accuser.

20.    Despite his relationship with the accuser, Defendant Vinzani was allowed by BYX, and encouraged by Defendants, to continue to have input and exert his influence on the allegedly independent investigation conducted by the BYX appointed impartial outside source.

21.    Once this information regarding the plans to reinstate Plaintiff within the fraternity became known to Defendants, Defendants intentionally interfered with the ongoing investigation, purportedly making even more and new allegations against the Plaintiff, which were also false.

22.    These new allegations, initiated and instigated by Defendants, involved hearsay allegations from a second accuser, who refused to provide direct information or to cooperate with any BYX investigator.

23.    After Plaintiff filed his lawsuit against the accusers on November 1, 2019, referenced above and identified as Case No. 2019-CP-40-06183, this second accuser set forth her allegations in an Affidavit / Complaint with the University of South Carolina on or about November 7, 2019.

24.    On November 18, 2019, Plaintiff received a letter advising of a Formal Complaint filed by the previously uncooperative second accuser, and a no contact directive from the University

ELECTRONICALLY FILED - 2021 Jul 15 6:05 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

of South Carolina.

25.     Plaintiff once again cooperated fully with the University of South Carolina in the investigation of this second accuser's allegations.

26.     After investigating this second accuser's November 7, 2019, Affidavit, on or about April 27, 2020, the University concluded as follows regarding the Plaintiff:

> **Determination:**
>
> Sexual Harassment -- Not Responsible/No Cause
>
> Sexual Misconduct (Assault) -- Not Responsible/No Cause.

27.     On information and belief, Defendants knew of the results of this University investigation into the second accuser's allegations and took no action to change Plaintiff's status as a suspended member of BYX.

28.     In reality, the second accuser was known to Defendants even before the appointed BYX investigator made it known that he was going to find in favor of the Plaintiff on or about April 12, 2018, and reinstate him as a member of BYX.

29.     As part of their malicious acts against the Plaintiff, Defendants merely repeated the hearsay allegations of the second accuser to retaliate against the Plaintiff and mislead BYX regarding the second accuser's identity and allegations, as this was the same person who all along refused to cooperate with any BYX investigation, and instead, later filed her own retaliatory Affidavit against the Plaintiff only after being sued in November of 2019.

30.     On information and belief, Defendants continued to repeat and set forth these defamatory per se allegations about the Plaintiff at the time of the second accuser's sworn Affidavit / Complaint with the University in November 2019, and throughout the investigation.

ELECTRONICALLY FILED - 2021 Jul 15 6:05 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

31.    By way of example, Defendant Harmon is specifically identified as a so-called witness to the second accuser's allegations, even though all he could have possibly offered was to repeat hearsay allegations for which he had no personal knowledge.

32.    As a further example of the Defendant's actions, Defendant Wood went so far as to warn female friends of the Plaintiff to stay away from Plaintiff because of the unfounded allegations being made against him.

33.    On information and belief, same or similar statements were made by Defendants regarding the Plaintiff, even though these Defendants knew or should have known that the second accuser would not cooperate with BYX's so-called investigation.

34.    As a result of the Defendants' actions, the Plaintiff was never provided with an impartial investigation or any finding or conclusion, apart from the result that Defendants insisted that he not be "reinstated" as a member of BYX.

35.    At the start of the investigation, BYX and its officials instructed members of BYX, including Defendants, not to communicate with Plaintiff, and Plaintiff was placed on suspension, pending results of the investigation.

36.    Because BYX never finalized their investigation, and never lifted Plaintiff's temporary suspension, Plaintiff's status with the fraternity and within the university community remained in a state of "guilty until investigation competed."

37.    Defendants saw to it that the so-called investigation of the Plaintiff was never completed.

38.    In effect, BYX, after undertaking to conduct an allegedly impartial and independent

ELECTRONICALLY FILED - 2021 Jul 15 6:05 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

investigation, abrogated its responsibility to conduct any or finalize any investigation at all into the allegations being made against the Plaintiff and delegated the whole matter to the individual Defendants.

39.    As an organization with fraternity chapters in multiple state and at universities and colleges throughout the United States, BYX knew or should have known that it needed procedures in place to ensure fairness and process for its members accused of violating any alleged standards warranted expulsion, such as was handed down to the Plaintiff.

40.    All of these defamatory statements about the Plaintiff made by the Defendants were false, and Defendants were reckless and malicious in repeating such allegations, even after they knew they were false.

41.    On information and belief, BYX had no formal guidelines or procedures for conducting investigations such as the one allegedly conducted related to the allegations made as against the Plaintiff.

42.    As of the filing of this action, the Plaintiff is still working through claims for damages to his reputation caused as a result of the actions of these Defendants.

**FIRST CAUSE OF ACTION**
(Ongoing Defamation – Slander / Libel)
(Vinzani, Harmon and Wood)

43.    The Plaintiff re-alleges each and every allegation of the preceding Paragraphs as if set forth herein verbatim.

44.    These Defendants past and present statements about the Plaintiff accuse Plaintiff of committing a crime, and therefore, constitute defamation *per se*.

ELECTRONICALLY FILED - 2021 Jul 15 6:05 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

45.     These Defendants statements were false and made, at best, with a reckless disregard for the truth.

46.     These Defendants statements regarding Plaintiff were made with malice, and have caused the Plaintiff substantial damages, as will be proven at trial of this matter.

47.     These Defendants statements have directly and proximately caused severe, extensive and irreparable damage to the Plaintiff's reputation, including tremendous personal stress and mental suffering, as well as economic damages, including, but not limited to, actual, general, and special damages.

48.     Due to the nature of the statements by these Defendants and the reckless manner in which they were made and repeatedly disseminated throughout the community, Plaintiff is also entitled to an award of punitive damages.

## SECOND CAUSE OF ACTION
(Negligence / Gross Negligence)
(BYX)

49.     The Plaintiff re-alleges each and every allegation of the preceding Paragraphs as if set forth herein verbatim.

50.     BYX owed Plaintiff a duty as a member of one of their fraternity chapters.

51.     BYX additionally undertook to investigate the serious allegations being made against the Plaintiff, and appointed their own independent investigator.

52.     Plaintiff cooperated fully in any and all aspects of any investigations into the allegations of criminal misconduct, including providing his text messages with one of the accusers, in the end consisting of approximately 7,224 text messages and printed out on 882 pages for production.

ELECTRONICALLY FILED - 2021 Jul 15 6:05 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

53.    In respect of the second so-called accuser, the one who never cooperated with any BYX investigation or investigators, Plaintiff has since provided all his text messages with this accuser, and, as noted above, her post-lawsuit retaliatory allegations were dismissed by the University of South Carolina.

54.    In his lawsuit filed in November of 2019, Plaintiff obtained judgments in his favor against both of his so-called accusers, the only accusers for which BYX ever had any basis to "investigate" and "suspend" Plaintiff.

55.    Despite these public record findings, BYX has failed to do anything to re-open or to even conclude its so-called investigation.

56.    BYX breached its duty to the Plaintiff to provide him and / or others similarly situated with proper procedures for investigating alleged criminal activities such as occurred here.

57.    If BYX had proper procedures for serious investigations such as this one and had followed them, Plaintiff's name could have and would have been cleared with respect to the fraternity and other on-campus and local organizations in or around April of 2018.

58.    Instead, BYX allowed the biased and conflicted individual Defendants to hi-jack their investigative process when they did not like its forthcoming findings and has refused to correct or clarify its so-called findings that led to an indefinite suspension of Plaintiff from the organization.

59.    These actions and inactions by BYX have directly and proximately caused severe, extensive and irreparable damage to the Plaintiff's reputation, including tremendous personal stress and mental suffering, as well as economic damages, including, but not limited to, actual, general, and special damages.

ELECTRONICALLY FILED - 2021 Jul 15 6:05 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

58.    Due to the reckless nature of BYX's actions, Plaintiff is also entitled to an award of punitive damages.

### THIRD CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Vinzani, Harmon and Wood)

59.    Plaintiff re-alleges each and every allegation of the preceding Paragraphs as if set forth herein verbatim.

60.    The Defendants intentionally and recklessly inflicted severe emotional distress upon the Plaintiff.

61.    The Defendants conduct was certain or substantially certain to cause severe emotional distress to the Plaintiff and was intended to cause distress.

62.    The Defendant's conduct, as described herein, was so extreme and outrageous as to exceed all possible bounds of decency and is atrocious and utterly intolerable in a civilized community.

63.    The actions of the Defendants caused the Plaintiff emotional distress.

64.    The emotional distress suffered by the Plaintiff was so severe that no reasonable person could be expected to endure it.

65.    As a result of these actions of the Defendants, Plaintiff is entitled to recover his emotional distress damages caused by Defendants.

### FOURTH CAUSE OF ACTION
(Invasion of Privacy)
(BYX)

66.    Plaintiff re-alleges each and every allegation of the preceding Paragraphs as if set forth herein verbatim.

ELECTRONICALLY FILED - 2021 Jul 15 6:05 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

67.     The Defendant intentionally and recklessly inflicted severe emotional distress upon the Plaintiff.

68.     The Plaintiff had a reasonable expectation of privacy related to the events for which he was accused, which occurred in private.

69.     The conduct of Defendant BYX in purporting to investigate Plaintiff constituted a wrongful intrusion onto the privacy of the Plaintiff which he expected to be free from intrusion.

70.     This intrusion was substantial and unreasonable and was of such a nature that would cause mental injury to a person of ordinary feelings and intelligence in the same circumstances.

71.     Furthermore, by publication and dissemination of the "suspension" finding further wrongfully publicized Plaintiff's private matters which involved a public disclosure of private facts about the Plaintiff.

72.     The Defendant BYX's acts or course of conduct were published and / or made publicly available, causing Plaintiff tremendous stress and anxiety, and depriving him of any right to defend himself.

74.     Defendant BYX additionally, by its actions, gave unnecessary publicity to matters related to the Plaintiff which were private. The matters for which BYX's actions caused disclosure related to the Plaintiff were not the business of an average citizen and were not of legitimate public concern.

75.     Due to the way in which BYX mis-handled the matter, Plaintiff was forced to file suit to restore his reputation via judicial process, which he has done, and yet BYX has still failed to take any action.

ELECTRONICALLY FILED - 2021 Jul 15 6:05 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

76.     As a direct and proximate result of the acts of commission on the part of the Defendant, combining and concurring, Plaintiff has been damaged in an amount to be determined by the trier of fact, including but not limited to, incidental, consequential and special and punitive damages, which include but are not limited to, harm in the form of actual and future damage to Plaintiff's reputation and goodwill, loss of time, damage to relationships and personal reputation, emotional harm and distress..

77.     These acts were conducted with malice entitling Plaintiff to punitive damages.

78.     The Defendants conduct was certain or substantially certain to cause severe emotional distress to the Plaintiff and was intended to cause distress.

### FIFTH CAUSE OF ACTION
(Civil Conspiracy)
(Vinzani, Harmon and Wood)

79.     The Plaintiff re-alleges each and every allegation of the preceding Paragraphs as if set forth herein verbatim.

80.     These Defendants, by their conduct as described above, combined for the purpose of injuring the Plaintiff, causing him damages.

81.     These Defendants combined and agreed to commit illegal acts, including to defame the character of the Plaintiff, and continued to do so, even after they knew their actions were not based on facts and were reckless and false.

82.     The Defendants' combination for the purpose of injuring the Plaintiff directly and proximately caused Plaintiff damages, including but not limited to attorneys' fees and costs of pre-litigation and post-litigation investigation of the Defendants' wrongdoing, costs of filings, any expert costs, loss of time working, loss of reputation, and other damages recoverable under South Carolina law.

ELECTRONICALLY FILED - 2021 Jul 15 6:05 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

### SIXTH CAUSE OF ACTION
(Injunctive Relief)
(BYX, Vinzani, Harmon and Wood)

83.    The Plaintiff re-alleges each and every allegation of the preceding Paragraphs as if set forth herein verbatim.

84.    Based upon the judgments obtained against the Plaintiff's accusers in Case No. 2019-CP-40-06183, Plaintiff seeks an order from this Court directing all Defendants to cease and desist from continuing to defame the Plaintiff by making any further false allegations about the Plaintiff, specifically as related to the two accusers that were the subjects of the so-called BYX investigation and the Plaintiff's Claims in Case No. 2019-CP-40-06183.

85.    The pleadings and the judgments obtained in Case No. 2019-CP-40-06183 are the record of the adjudication of the Plaintiff's claims and any counterclaims brought in that action and must be honored and adhered to by these Defendants with respect to the Plaintiff.

86.    Plaintiff's reputation will continue to be irreparably harmed if the false and now declared illegal and defamatory statements put at issue in Case No. 2019-CP-40-06183 are allowed to continue to be spread by these Defendants or any others.

87.    Plaintiff's efforts here to curtail the continued advancement of hearsay allegations by these Defendants of statements now adjudicated in the Plaintiff's favor is necessary to prevent further irreparable harm to Plaintiff, and is necessary in the absence of any alternative adequate remedy at law for Plaintiff.

88.    Plaintiff's likelihood of success on these claims is also established by the judgments obtained in Case No. 2019-CP-40-06183 as against Plaintiff's accusers.

ELECTRONICALLY FILED - 2021 Jul 15 6:05 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

89.     Plaintiff additionally seeks an order from this Court requiring BYX to adhere to and comply with all applicable University regulations and guidelines in matters such as these, including at its BYX chapter at Clemson University in the state of South Carolina.

WHEREFORE, the Plaintiff prays for a judgment against these Defendants in an amount to be determined by the jury for the damages caused by these defendants as set forth herein, including compensatory, actual, general, special, consequential, punitive damages, injunctive relief and its attorneys' fees and costs of this action as available under applicable law.

Respectfully submitted,

**WESLEY D. FEW, LLC**

   s/Wesley D. Few/
Wesley D. Few, S.C. Bar No. 15565
Post Office Box 9398
Greenville, South Carolina 29604
(803) 223-6942  |  wes@wesleyfew.com

ATTORNEYS FOR PLAINTIFF

Greenville, South Carolina
July 15, 2021

ELECTRONICALLY FILED - 2021 Aug 20 1:36 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | 5TH JUDICIAL CIRCUIT |
| | ) | |
| Logan Saunders, | ) | |
| | ) | CASE NO. 2021-CP-40-03542 |
| Plaintiff, | ) | |
| | ) | **CERTIFICATE OF SERVICE-** |
| vs. | ) | **CERTIFIED MAIL** |
| | ) | |
| Beta Upsilon Chi Fraternity, Inc., a/k/a Beta | ) | |
| Upsilon Chi, Michael Vinzani, Graham Harmon, | ) | |
| and Walker Wood, | ) | _____ |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Enclosed for filing is the USPS tracking page showing proof of Certified, Restricted Delivery to the Registered Agent of Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi, of Plaintiffs' Summons and Complaint.

**WESLEY D. FEW, LLC**

 s/Wesley D. Few/_____
Wesley D. Few, S.C. Bar No. 15565
Post Office Box 9398
Greenville, South Carolina 29604
(864) 527-5906  |  wes@wesleyfew.com

ATTORNEYS FOR PLAINTIFF LOGAN SAUNDERS

Greenville, South Carolina
August 20, 2021

1

3:23-cv-02413-SAL    Date Filed 06/02/23    Entry Number 1-1    Page 18 of 75

ELECTRONICALLY FILED - 2021 Aug 20 1:36 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

# USPS Tracking®

FAQs >

**Track Another Package** +

Track Packages
Anytime, Anywhere

Get the free Informed Delivery® feature to receive
automated notifications on your packages

**Learn More**
(https://reg.usps.com/xsell?
app=UspsTools&ref=homepageBanner&appURL=https%3A%2F%2Finformeddelivery.usps.com/box/pages/intro/start.action)

Remove ✕

**Tracking Number:** 70183090000077715199

Your item was delivered to an individual at the address at 4:06 pm on July 20, 2021 in COLLEGE STATION, TX
77845.

## ⊘ Delivered, Left with Individual

July 20, 2021 at 4:06 pm
COLLEGE STATION, TX 77845

**Get Updates** ⌄

---

**Text & Email Updates** ⌄

---

**Tracking History** ⌃

**July 20, 2021, 4:06 pm**
Delivered, Left with Individual
COLLEGE STATION, TX 77845
Your item was delivered to an individual at the address at 4:06 pm on July 20, 2021 in COLLEGE STATION, TX 77845.

---

**July 19, 2021, 8:07 pm**
Departed USPS Regional Destination Facility
NORTH HOUSTON TX DISTRIBUTION CENTER

---

**July 18, 2021, 5:00 pm**
Arrived at USPS Regional Destination Facility
NORTH HOUSTON TX DISTRIBUTION CENTER

---

**July 17, 2021**
In Transit to Next Facility

---

**July 16, 2021, 9:44 pm**
Arrived at USPS Regional Origin Facility
GREENVILLE SC DISTRIBUTION CENTER

---

**July 16, 2021, 3:50 pm**
USPS in possession of item
GREENVILLE, SC 29604

**Product Information** ⌄

See Less ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

ELECTRONICALLY FILED - 2021 Aug 20 1:36 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

ELECTRONICALLY FILED - 2022 Mar 23 1:34 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

STATE OF SOUTH CAROLINA    )    IN THE COURT OF COMMON PLEAS

COUNTY OF RICHLAND        )    5th JUDICIAL CIRCUIT

Logan Saunders,             )

         Plaintiff,         )    Case No: 2021-CP-40-03542

  v.                        )

Beta Upsilon Chi Fraternity, Inc., a/k/a Beta  )    **AFFIDAVIT OF DEFAULT**
Upsilon Chi, Michael Vinzani, Graham     )  **OF DEFENDANT BETA UPSILON CHI**
Harmon, and Walker Wood,        )  **FRATERNITY, INC., A/K/A BETA**
                            )           **UPSILON CHI**
        Defendants.       )

The Affiant, Wesley D. Few, being duly sworn, states:

1.    I am the Attorney for the Plaintiff.

2.    More than 30 days, exclusive of the date of service, have elapsed since the service of the Summons and Complaint upon the Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi on **July 20, 2021**, as shown by the Plaintiff's Proof of Service filed August 20, 2021.

3.    In accordance with the S.C. Supreme Court's order dated July 30, 2021 (extending orders amending an order dated April 3, 2020), due to the Coronavirus outbreak, specifically as set forth in Paragraph 9 thereof regarding Defaults, the Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi, has been afforded (more than) an additional 30 days from both the date of the order, and (more than) an additional 30 days added to the original Answer due date of August 19, 2021, to answer or otherwise plead.

4.    Even with the additional time provided by the above-referenced order(s), as of this date, March 23, 2022, no Answer has been served upon me or my office as required by the Summons.

5.    No attorney licensed in South Carolina has appeared on behalf of Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi.

6.    The Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi is in default.

7.    In addition to the above-identified service and notice to the Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi, on July 16, 2021, the Registered Agent received email notice of the filed Summons and Complaint to his email address(es) at "Brian Lee <Brianlee@betaupsilonchi.org>, [and] brian@byx.org."

8.      Further, in addition to the above-identified service(s) and notice(s) to the Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi, the undersigned was contacted by an attorney from Texas on behalf of this Defendant on or about July 26, 2021. On July 30, 2021, the undersigned spoke to this Texas attorney, Christian Ellis, Esquire, on the telephone further confirming that Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi received service and actual notice of the filed Summons and Complaint in this action.

Wesley D. Few
Attorney for the Plaintiff

Greenville, South Carolina
March 23, 2022

SWORN to and Subscribed before me        )
_Elizabeth Johnson_                       )
Notary Public for South Carolina          )
                                          )
My Commission expires:   7. 15. 30        )

March 23, 2022
Greenville, South Carolina

2

ELECTRONICALLY FILED - 2022 Apr 11 2:11 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF RICHLAND ) | 5th JUDICIAL CIRCUIT |
| ) | |
| Logan Saunders, ) | |
| ) | Case No: 2021-CP-40-03542 |
| Plaintiff, ) | |
| v. ) | |
| ) | **AFFIDAVIT OF DEFAULT** |
| Beta Upsilon Chi Fraternity, Inc., a/k/a Beta ) | **OF DEFENDANT BETA UPSILON CHI** |
| Upsilon Chi, Michael Vinzani, Graham ) | **FRATERNITY, INC., A/K/A BETA** |
| Harmon, and Walker Wood, ) | **UPSILON CHI** |
| ) | |
| Defendants. ) | |

The Affiant, Wesley D. Few, being duly sworn, states:

1.      I am the Attorney for the Plaintiff.

2.      More than 30 days, exclusive of the date of service, have elapsed since the service of the Summons and Complaint upon the Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi on **July 20, 2021**, as shown by the Plaintiff's Proof of Service filed August 20, 2021.

3.      In accordance with the S.C. Supreme Court's order dated July 30, 2021 (extending orders amending an order dated April 3, 2020), due to the Coronavirus outbreak, specifically as set forth in Paragraph 9 thereof regarding Defaults, the Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi, has been afforded (more than) an additional 30 days from both the date of the order, and (more than) an additional 30 days added to the original Answer due date of August 19, 2021, to answer or otherwise plead.

4.      Even with the additional time provided by the above-referenced order(s), as of this date, March 23, 2022, no Answer has been served upon me or my office as required by the Summons.

5.      No attorney licensed in South Carolina has appeared on behalf of Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi.

6.      The Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi is in default.

7.      In addition to the above-identified service and notice to the Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi, on July 16, 2021, the Registered Agent received email notice of the filed Summons and Complaint to his email address(es) at "Brian Lee <Brianlee@betaupsilonchi.org>, [and] brian@byx.org."

8.      Further, in addition to the above-identified service(s) and notice(s) to the Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi, the undersigned was contacted by an attorney from Texas on behalf of this Defendant on or about July 26, 2021. On July 30, 2021, the undersigned spoke to this Texas attorney, Christian Ellis, Esquire, on the telephone further confirming that Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi received service and actual notice of the filed Summons and Complaint in this action.

Wesley D. Few
Attorney for the Plaintiff

Greenville, South Carolina
March 23, 2022

SWORN to and Subscribed before me          )
                                            )
                                            )
Notary Public for South Carolina            )
                                            )
My Commission expires:        7. 15. 30     )

March 23rd, 2022
Greenville, South Carolina

ELECTRONICALLY FILED - 2022 Apr 11 2:11 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

ELECTRONICALLY FILED - 2022 Apr 22 3:35 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | 5TH JUDICIAL CIRCUIT |

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
                        )
COUNTY OF RICHLAND      ) 5TH JUDICIAL CIRCUIT
                        )
                        )
Logan Saunders,         ) Case No: 2021-CP-40-03542
                        )
                Plaintiff, )
                        )
        vs.             ) **ORDER ADJUDICATING**
                        ) **DEFAULT**
Beta Upsilon Chi Fraternity, Inc., a/k/a Beta )
Upsilon Chi, Michael Vinzani, Graham )
Harmon, and Walker Wood, )
                        )
                Defendants. )
                        )

Based on a review of the pleadings and the affidavit filed in this matter, the Court makes the following findings:

1. The Plaintiff filed this action on July 15, 2021.

2. The Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi ("BYX") was served on July 20, 2021.

3. More than 30 days have elapsed since the service of the Summons and Complaint, exclusive of the date of service upon Defendant BYX.

4. Even with the additional time provided by the S.C. Supreme Court's Order dated July 30, 2021 (extending orders amending an order dated April 3, 2020, related to the Coronavirus outbreak), as of March 23, 2022, no Answer has been served upon counsel to the Plaintiff as required by the Summons, or filed with this Court.

5. The Defendant BYX is in default.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED:

The Defendant BYX is hereby adjudicated to be in default. The case shall be set for a hearing to determine damages, or other relief to be granted to the Plaintiff.

1

ELECTRONICALLY FILED - 2022 Apr 22 3:35 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

AND IT IS SO ORDERED.

_____
Presiding Judge of the Court of Common
Pleas for the 5th Judicial Circuit

Richland, South Carolina

April ___, 2022

ELECTRONICALLY FILED - 2022 Apr 22 3:35 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542



Richland Common Pleas

**Case Caption:**      Logan  Saunders vs   Beta Upsilon Chi Fraternity Inc , defendant, et al

**Case Number:**      2021CP4003542

**Type:**                   Order/Other

IT IS SO ORDERED.

Jocelyn Newman, Chief Judge for Administrative
Purposes, Court of Common Pleas, 5th Judicial
Circuit

Electronically signed on 2022-04-22 15:28:11     page 3 of 3

ELECTRONICALLY FILED - 2022 Dec 14 5:11 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

# WESLEY D. FEW, LLC

Attorney at Law

P.O. Box 9398, Greenville, South Carolina 29604

www.wesleyfew.com | wes@wesleyfew.com

O: 864-527-5906

Dec. 14, 2022

**Via U.S. Mail**

Mr. Brian Lee – Registered Agent
Beta Upsilon Chi Fraternity, Inc.
2603 Faulkner Drive
College Station, Texas 77845

Brian Lee
Beta Upsilon Chi National Office
12650 N. Beach St., Ste 114 #305
Fort Worth, TX 76244

> **Re:**   Logan Saunders v. Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi,
> Michael Vinzani, Graham Harmon and Walker Wood
> Civil Action No.: 2021-CP-40-03542
> Our File No.: 00272-002

Dear Mr. Lee:

Enclosed and served upon you is the Notice of Default Damages Hearing to occur in Richland County at 9:30 AM on Jan. 5, 2023, along with our Certificate of Service for same.

With warm regards, I remain

Sincerely Yours,

Wesley D. Few

WDF/cgy

Enclosures

CC:   Logan Saunders (Via Email Only)

ELECTRONICALLY FILED - 2022 Dec 14 5:11 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

STATE OF SOUTH CAROLINA                )     IN THE COURT OF COMMON PLEAS
                                       )
COUNTY OF RICHLAND                     )          5th JUDICIAL CIRCUIT
                                       )
Logan Saunders,                        )
                                       )     Case No: 2021-CP-40-03542
          Plaintiff,                   )
                                       )
     v.                                )
                                       )     **NOTICE OF DEFAULT DAMAGES**
Beta Upsilon Chi Fraternity, Inc., a/k/a Beta )  **HEARING (UNLIQUIDATED**
Upsilon Chi, Michael Vinzani, Graham   )     **DAMAGES) UNDER RULE 55(B)(2) TO**
Harmon, and Walker Wood,               )     **DEFENDANT BETA UPSILON CHI**
                                       )     **FRATERNITY, INC., A/K/A BETA**
          Defendants.                  )            **UPSILON CHI**
                                       )

A default damages hearing has been set in the above-referenced action on January 5,

2023, at 9:30 A.M.  The address of the courthouse is 1701 Main Street, Columbia, South

Carolina 29201. A copy of the roster is attached for your convenience.

     You are hereby notified to be present on behalf of the Defendant Beta Upsilon Chi

Fraternity, Inc., a/k/a Beta Upsilon Chi.

                              **WESLEY D. FEW, LLC**

                              __s/Wesley D. Few/__
                              Wesley D. Few, S.C. Bar No. 15565
                              Post Office Box 9398
                              Greenville, South Carolina 29604
                              (803) 223-6942 | wes@wesleyfew.com

                              ATTORNEYS FOR PLAINTIFF

Greenville, South Carolina
December 14, 2022





ELECTRONICALLY FILED - 2022 Dec 14 5:11 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

## Richland County
## Fifth Judicial Circuit
## Court Rosters

Summary Court Dockets  South Carolina Judicial Department Home Page  Return To Roster Selection

| Court Agency | 40002 | Judge | Newman | Roster Description | MOTIONS ROSTER JANUARY 5, 2023 |
|---|---|---|---|---|---|
| Roster Type | Motions Non Jury Roster | Roster Begin Date | 01/05/2023 | Roster End Date | 01/05/2023 |
| Roster Id | 1886 | Roster Begin Time | 9:30 AM | | |

Attorney Bar Number          Case #          Filed From          Filed Thru          Search    Print Version

| # | Scheduled Date | Start Time | Duration Hrs:Mins | Description | Filing Party | Filed Date | Case / Case Caption | Sub Type | Plaintiff Attorney | Defendant Attorney | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 01/05/2023 | 9:30 AM | | Motion/Damages (for scheduling purposes) | Logan Saunders-PLT | 04/22/2022 | 2021CP4003542 Logan Saunders vs Beta Upsilon Chi Fraternity Inc , defendant, et al | Permanent Injunc 830 | Wesley D. Few (864) 527-5906 | | |
| 2 | 01/05/2023 | 9:30 AM | 0:15 | Motion/Sanctions | Prisma Health Richland-DEF | 12/14/2022 | 2022CP4002808 William Walker , plaintiff, et al vs Prisma Health Richland , defendant, et al | Medical Malpract 220 | John D. Kassel (803) 256-4242 Theile Branham McVey (803) 256-4242 Jamie Rae Rutkoski (803) 256-4242 | Frederick Newman Hanna Jr. (803) 254-5445 James E. Parham Jr. (803) 749-8555 Austin Tyler Reed (803) 254-5445 G. Murrell Smith Jr. (803) 778-2471 x234 | |
| 3 | 01/05/2023 | 9:30 AM | 0:15 | Motion/Quash Deposition Notices And Subpoenas And For Prote | Prisma Health Richland-DEF | 09/06/2022 | 2022CP4002808 William Walker , plaintiff, et al vs Prisma Health Richland , defendant, et al | Medical Malpract 220 | John D. Kassel (803) 256-4242 Theile Branham McVey (803) 256-4242 Jamie Rae Rutkoski (803) 256-4242 | Frederick Newman Hanna Jr. (803) 254-5445 James E. Parham Jr. (803) 749-8555 Austin Tyler Reed (803) 254-5445 G. Murrell Smith Jr. (803) 778-2471 x234 | |
| 4 | 01/05/2023 | 9:30 AM | 0:15 | Motion/Compel And Sanctions | Allstate Insurance Company-DEF | 11/08/2022 | 2022CP4001705 Lakenyata Shamell Maxwell , plaintiff, et al vs Jacobi Green , defendant, et al | Death Settlement 700 | Kambrell Houston Garvin (803) 900-4878 Anna Scott Magann (843) 833-8082 Glenn Walters Sr. (803) 531-8844 | Brett Harris Bayne (803) 227-2281 Stephen C. Hucks Sr. (803) 865-6370 Raymond Darrell Turner (843) 203-1660 Glenn Walters Sr. (803) 531-8844 | |
| 5 | 01/05/2023 | 9:30 AM | 0:30 | Motion/Relieve As Counsel | Lakenyata Shamell Maxwell-PLT | 06/08/2022 | 2022CP4001705 Lakenyata Shamell Maxwell , plaintiff, et al vs Jacobi Green , defendant, et al | Death Settlement 700 | Kambrell Houston Garvin (803) 900-4878 Anna Scott Magann (843) 833-8082 Glenn Walters Sr. (803) 531-8844 | Brett Harris Bayne (803) 227-2281 Stephen C. Hucks Sr. (803) 865-6370 Raymond Darrell Turner (843) 203-1660 Glenn Walters Sr. (803) 531-8844 | |
| 6 | 01/05/2023 | 9:30 AM | 0:30 | Motion/Dismiss Lakenyata Shamell | Mcgowan, Hood, Felder & | 10/11/2022 | 2022CP4001705 Lakenyata Shamell | Death Settlement | Kambrell Houston Garvin (803) 900-4878 | Brett Harris Bayne (803) 227-2281 | |

ELECTRONICALLY FILED - 2022 Dec 14 5:11 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | | Maxwell's Counterclaim | Phillips, Llc-PLT | | Maxwell , plaintiff, et al vs Jacobi Green , defendant, et al | 700 | Anna Scott Magann (843) 833-8082 Glenn Walters Sr. (803) 531-8844 | Stephen C. Hucks Sr. (803) 865-6370 Raymond Darrell Turner (843) 203-1660 Glenn Walters Sr. (803) 531-8844 |
| 7 | 01/05/2023 | 9:30 AM | 0:30 | Motion/Compel Discovery | Charlotte Truck Center Inc-DEF | 09/30/2022 | 2022CP4000406 Shanita A Palmer , plaintiff, et al vs Christopher M Fletcher , defendant, et al | Personal Injury 350 | David C. Marshall (803) 268-9800 | Aaron Jameson Hayes (803) 256-2233 |
| 8 | 01/05/2023 | 9:30 AM | | Motion/Dismiss And In the Alternative Defendant Charlotte Tr | Charlotte Truck Center Inc-DEF | 06/01/2022 | 2022CP4000406 Shanita A Palmer , plaintiff, et al vs Christopher M Fletcher , defendant, et al | Personal Injury 350 | David C. Marshall (803) 268-9800 | Aaron Jameson Hayes (803) 256-2233 |
| 9 | 01/05/2023 | 9:30 AM | 0:30 | Motion/Compel Discovery | Charlotte Truck Center Inc-DEF | 09/30/2022 | 2022CP4000407 Shanita A Palmer vs Christopher M Fletcher , defendant, et al | Personal Injury 350 | David C. Marshall (803) 268-9800 | Aaron Jameson Hayes (803) 256-2233 |
| 10 | 01/05/2023 | 9:30 AM | | Motion/Dismiss And In the Alternative Defendant Charlotte Tr | Charlotte Truck Center Inc-DEF | 06/01/2022 | 2022CP4000407 Shanita A Palmer vs Christopher M Fletcher , defendant, et al | Personal Injury 350 | David C. Marshall (803) 268-9800 | Aaron Jameson Hayes (803) 256-2233 |
| 11 | 01/05/2023 | 9:30 AM | | Motion/Dismiss | South Carolina Department Of Corrections-DEF | 02/28/2020 | 2019CP4002970 Christopher Lane #307401 vs South Carolina Department Of Corrections | Inmate Pet/Other 599 | Christopher Lane #307401 | Damon Christian Wlodarczyk (803) 799-9993 |
| 12 | 01/05/2023 | 2:00 PM | 0:30 | Motion/Consolidate with 2022CP4002656 | Clemson University-DEF | 06/15/2022 | 2022CP4002536 Jmi Sports , plaintiff, et al vs Chief Procurement Officer, defendant, et al | Relief 820 | John E. Schmidt III (803) 348-2984 | Manton M. Grier Jr. (803) 737-1660 Boyd Benjamin Nicholson Jr. (864) 240-3247 |
| 13 | 01/05/2023 | 2:00 PM | 0:30 | Motion/Dismiss or Alternatively for Judgment on Pleadings | Clemson University-DEF | 06/15/2022 | 2022CP4002536 Jmi Sports , plaintiff, et al vs Chief Procurement Officer, defendant, et al | Relief 820 | John E. Schmidt III (803) 348-2984 | Manton M. Grier Jr. (803) 737-1660 Boyd Benjamin Nicholson Jr. (864) 240-3247 |
| 14 | 01/05/2023 | 2:00 PM | 1:0 | Motion/12 (B) in lieu of Answer | South Carolina State Fiscal Accountability Authority-DEF | 06/15/2022 | 2022CP4002536 Jmi Sports , plaintiff, et al vs Chief Procurement Officer, defendant, et al | Relief 820 | John E. Schmidt III (803) 348-2984 | Manton M. Grier Jr. (803) 737-1660 Boyd Benjamin Nicholson Jr. (864) 240-3247 |
| 15 | 01/05/2023 | 2:00 PM | 0:15 | Motion/Compel Subpoena Response From Wild Wing Cafe | Dante Laray Brown-PLT | 08/29/2022 | 2021CP4002257 Dante Laray Brown vs Joshua Alan Corbett | Motor Veh Accid 320 | Robert Fredrick Goings (803) 350-9230 Jessica Lee Gooding (803) 350-9230 | Julie Coleman Hunter (270) 401-2217 |

| | | | | | | | | | Christopher M. Paschal (803) 350-9230 | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 16 | 01/05/2023 | 2:00 PM | 0:15 | | Motion/Compel | Dante Laray Brown-PLT | 03/01/2022 | 2021CP4002257 Dante Laray Brown vs Joshua Alan Corbett | Motor Veh Accid 320 | Robert Fredrick Goings (803) 350-9230 Jessica Lee Gooding (803) 350-9230 Christopher M. Paschal (803) 350-9230 | Julie Coleman Hunter (270) 401-2217 |
| 17 | 01/05/2023 | 2:00 PM | 0:15 | | Motion/Compel Against South Carolina Department of Transport | Pamela Sue Paschal-PLT | 03/03/2022 | 2021CP4002741 Pamela Sue Paschal vs City Of Forest Acres , defendant, et al | Personal Injury 350 | Robert Fredrick Goings (803) 350-9230 Jessica Lee Gooding (803) 350-9230 Christopher M. Paschal (803) 350-9230 | Charles J. Boykin (803) 254-0707 Kenneth Allen Davis (803) 254-0707 Tierney Felicia Goodwyn (803) 254-0707 Julie Coleman Hunter (270) 401-2217 |
| 18 | 01/05/2023 | 2:00 PM | 0:30 | | Motion/Default Judgment | Michael Dixon-PLT | 12/28/2021 | 2021CP4005627 Michael Dixon , plaintiff, et al vs The Retreat at Columbia , defendant, et al | Fraud/Bad Faith 150 | Julie-Anne Castro (803) 799-9668 x4166 Michael Dixon | |
| 19 | 01/05/2023 | 2:00 PM | | | Motion/Approve Minor Settlement | D H-PLT | 10/31/2022 | 2022CP4005680 Kimberly Howard , plaintiff, et al vs Paul L Wood , defendant, et al | Minor Settlement 730 | Colette Jane Farhat (843) 929-1355 | |
| 20 | 01/05/2023 | 2:00 PM | 0:15 | | Motion/for Partial Summary Judgment | Robert Armstrong-PLT | 05/27/2022 | 2022CP4000553 Robert Armstrong vs Armstrong Contractors Llc , defendant, et al | Permanent Injunc 830 | Peter M Balthazor (803) 799-9993 | Jeffrey P. Dunlaevy (864) 208-9305 |
| 21 | 01/05/2023 | 2:00 PM | 0:30 | | Motion/Rule to Show Cause & Appointment of Receiver | Robert Armstrong-PLT | 05/27/2022 | 2022CP4000553 Robert Armstrong vs Armstrong Contractors Llc , defendant, et al | Permanent Injunc 830 | Peter M Balthazor (803) 799-9993 | Jeffrey P. Dunlaevy (864) 208-9305 |

ELECTRONICALLY FILED - 2022 Dec 14 5:11 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

ELECTRONICALLY FILED - 2022 Dec 14 5:11 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

STATE OF SOUTH CAROLINA )    IN THE COURT OF COMMON PLEAS

COUNTY OF RICHLAND )    5TH JUDICIAL CIRCUIT

Logan Saunders, )
                    Plaintiff, )    Case No: 2021-CP-40-03542

vs. )    **CERTIFICATE OF SERVICE**

Beta Upsilon Chi Fraternity, Inc., a/k/a Beta )
Upsilon Chi, Michael Vinzani, Graham )
Harmon, and Walker Wood, )
                    Defendants. )

I, Wes Few, on behalf of the law office of Wesley D. Few, LLC, attorneys for the

Plaintiff in this action, do hereby certify that I have served the below parties by U.S. Mail as set

forth below on this date in this action with a copy of the document(s) listed below.

   1) **Notice of Default Damages Hearing, Jan. 5, 2023, at 9:30 A.M.;**

Mr. Brian Lee – Registered Agent
Beta Upsilon Chi Fraternity, Inc.
2603 Faulkner Drive
College Station, Texas 77845

Brian Lee
Beta Upsilon Chi National Office
12650 N. Beach St., Ste 114 #305
Fort Worth, TX 76244

/s/ Wes Few/

Wes Few

December 14, 2022
Greenville, South Carolina

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF RICHLAND | FIFTH JUDICIAL CIRCUIT |

| | |
|---|---|
| Logan Saunders, | Civil Action No.  2021-CP-40-03542 |
| Plaintiff, | |
| vs. | |
| Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi, Michael Vinzani, Graham Harmon, and Walker Wood, | **Motion for Relief from Default and Memorandum in Support** by Defendant Beta Upsilon Chi Fraternity, Inc. |
| Defendants. | |

Defendant Beta Upsilon Chi Fraternity, Inc. (the "Fraternity Corporation") makes a limited appearance to challenge the Court's personal jurisdiction under Rules 12(b)(2) and (5), SCRCP, and to seek relief from the default erroneously entered against it under Rule 55, SCRCP.  The Court should grant the Fraternity Corporation relief from default because:

- Plaintiff failed to serve the Fraternity Corporation with process, so the Court lacks personal jurisdiction over the Fraternity Corporation.

- Plaintiff has failed to file signed proof of delivery with the Court as required by Rule 4, so default judgment is procedurally improper.

- The Fraternity Corporation has good cause to set aside the entry of default, has timely moved for relief, and can assert meritorious defenses.

- Plaintiff would not be prejudiced by relieving the Fraternity Corporation from default because he has not served the remaining defendants.

Because South Carolina courts favor resolution of civil litigation on the merits, *see In re Moore*, 342 S.C.  1, 5 n.7, 536 S.E.2d 367, 369 n.7 (2000), the Fraternity Corporation prays that the Court (1) cancel the default judgment damages hearing and instead resolve this motion, and (2) grant this motion and relieve the Fraternity Corporation from default.  The Fraternity Corporation then intends to accept service and answer or otherwise respond to the Summons and Complaint in the normal course.

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

## Factual and Procedural Background

This lawsuit arises out of allegations of sexual misconduct made against Plaintiff by two women in late 2017.  (*See* Compl. ¶ 23.)  After suing the two women that accused him of sexual assault, (*see* Compl. ¶ 23), Plaintiff sued the Fraternity Corporation.  (*Id.*)

During the Covid-19 pandemic, National President of the Fraternity Corporation Brian Lee, received a phone call from Plaintiff's father, who suggested Lee contact Plaintiff's counsel. (**Exhibit 1**, Affidavit of Brian Lee ¶ 4.)  Plaintiff's father then emailed on July 16 stating in part that "[y]ou will be officially served by the court but this [complaint] is provided for your reference. I encourage you to reach out to Logan's attorney, Wes Few, to begin a conversation about how these complaints can be resolved." (*Id.* ¶ 5.)  Lee passed this information on to Christian Ellis, a Board Member of the Fraternity Corporation and attorney licensed in Texas.  (*Id.* ¶ 6.)  Ellis contacted Plaintiff's counsel by phone around July 30, 2021, asking about the status of any claims that Plaintiff might be pursuing.  (**Exhibit 2**, Affidavit of Christian Ellis ¶ 5.)  Ellis explained he was calling as a concerned board member—not an attorney.  (*Id.* ¶ 6.)  Plaintiff's counsel conveyed uncertainty to Ellis about whether Plaintiff intended to proceed with a lawsuit.  (*Id.* ¶ 8.)  Ellis requested Plaintiff's counsel contact him should Plaintiff wish to proceed against the Fraternity Corporation so Ellis could help resolve any concerns Plaintiff might have.  (*Id.* ¶ 9.)  Plaintiff's counsel agreed, but Ellis never heard from him again.  (*Id.* ¶¶ 9–10.)

While Lee and his family on vacation from July 16, 2021, to July 29, 2021, (Lee Aff. ¶ 7), Plaintiff purported to deliver the Complaint to Lee's home in College Station, Texas as the Fraternity Corporation's registered agent, (*see* Pl.'s Certificate of Service, Aug. 20, 2021).[1]  Lee

---

[1] Although a printout of the USPS's online tracking information is attached to the Certificate of Service Plaintiff filed, no return receipt card is filed in the Court's record, much less one signed by the Fraternity Corporation's registered agent.

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

later learned that someone came by his house to deliver mail, but could not leave the package because it was sent by certified mail and required a signature. (Lee Aff. ¶ 7.) Follow-up delivery on Lee was never attempted. (*Id.*)

Unbeknownst to the Fraternity Corporation, Plaintiff filed a Certificate of Service by Certified Mail on August 20, 2021, followed by an Affidavit of Default on March 23, 2022.[2] There is no indication the Fraternity Corporation was served with either of these documents. Plaintiff's affidavit of default states that no "attorney licensed in South Carolina" has appeared for the Fraternity Corporation. (Pl.'s Aff. Default ¶ 5, March 23, 2022.) It also references an emailed copy of the Complaint sent to the Fraternity Corporation's registered agent and the phone call made to Mr. Ellis. (*Id.* ¶¶ 7–8.) The affidavit of default conflicts with the testimony of Lee and Ellis, however, as Lee was out of state on the date of purported service and Ellis was never told that the Fraternity Corporation had been served with process. Based on this Affidavit of Default, however, the Court entered default against the Fraternity Corporation on April 22, 2022. There is no indication the Fraternity Corporation was served with the certificate of service, affidavit of default, or entry of default. Also, no default *judgment* has been entered against the Fraternity Corporation. The Fraternity Corporation still has not been served to date; it also has not waived or accepted service. (*Id.* ¶ 8; Ellis Aff. ¶ 12.)

After the initial contact in July 2021 from Plaintiff's father and counsel, neither Lee nor Ellis heard anything else about the lawsuit. (Lee Aff. ¶ 9; Ellis Aff. ¶ 13.) Then on Monday, December 19, 2022, Lee received notice of a default judgment damages hearing scheduled for January 5, 2022. (Lee Aff. ¶ 9.) Lee and Ellis acted immediately by investigating the circumstances prompting the default and identifying counsel. (*Id.*; Ellis Aff. ¶ 13.) It retained

---

[2] Plaintiff has filed no affidavit of service on the remaining three defendants.

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

counsel Wednesday afternoon, and the Fraternity Corporation now files this motion 48 hours later to object to the Court's jurisdiction and seek relief from default.[3]

## Standard of Review

"For good cause shown the court may set aside an entry of default."  Rule 55(c), SCRCP. The "good cause" standard of Rule 55(c) for relief from the mere entry of default is a significantly lower standard than that for relief from a default judgment under Rule 60(b).  *Sundown Operating Co., Inc.  v Intedge Indus., Inc.*, 383 S.C.  601, 607, 681 S.E.2d 885, 888 (2009).  Once a party has put forth a satisfactory explanation for the default, the court then considers "(1) the timing of the motion for relief; (2) whether the defendant has a meritorious defense; and (3) the degree of prejudice to the plaintiff if relief is granted." *Id.*  at 607-08, 681 S.E.2d at 888.  The good cause standard is liberal.  *See Top Value Homes, Inc.  v.  Harden*, 319 S.C.  302, 306, 460 S.E.2d 427, 429 (Ct. App.  1995) (holding that the "good cause" standard in Rule 55(c) requires the "exercis[e] [of] a broader, more liberal discretion than otherwise would be exercised under Rule 60(b)").

Though when there is no valid service of process, the Court lacks personal jurisdiction over the defendant, *BB & T v. Taylor*, 369 S.C. 548, 551, 633 S.E.2d 501, 503 (2006) ("A court generally obtains personal jurisdiction by the service of a summons."), and any orders purporting to bind that defendant are void, *see Momani v. Van Surdam*, 296 S.C. 409, 410, 373 S.E.2d 691, 692 (Ct. App. 1988) ("When a defendant is not properly served, 'the Court has no jurisdiction of the defendant, and all proceedings based on the pretended service are void.'" (quotation omitted)). As a result, an unserved defendant need not establish that it has a meritorious defense or a lack of

---

[3] On December 22, 2022, the Fraternity Corporation's counsel tried to confer with Plaintiff's counsel by phone, and then communicated by email.  *See* Rule 11, SCRCP.  Plaintiff's counsel, however, was travelling internationally for vacation and could not easily be reached.  Given the desire to act promptly upon discovery of the purported entry of default, the Fraternity Corporation files this motion before a more thorough discussion of the issues could be had between counsel.

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

prejudice to be entitled to relief from default.  *See St. Paul Surplus Lines Ins. Co. v. Davis*, 983 F.2d 1057 (4th Cir. 1993) ("Yet if [the defendant's] jurisdictional challenge is meritorious, it would invalidate the default judgment, and no other reason to vacate the default would need to be shown.") (unpublished).  In such a case, the defendant need only show that service of process was defective.  *Id.*; *Gray v. Permanent Mission of People's Republic of Congo to United Nations*, 443 F. Supp. 816, 822 (S.D.N.Y.), *aff'd*, 580 F.2d 1044 (2d Cir. 1978) ("presence of a meritorious defense is not relevant to the vacating of a default judgment which is void because of insufficiency of service of process"); 35B C.J.S. Federal Civil Procedure § 1170 ("However, no showing of a meritorious defense is necessary to support a motion to vacate a void judgment by default.").  Relief from default for failure of service "is not discretionary but a matter of right."  *Richardson Const. Co. v. Meek Eng'g & Const., Inc.*, 274 S.C. 307, 309, 262 S.E.2d 913, 915 (1980).

<div align="center">

**Argument**

</div>

**I.     Plaintiff did not serve the Fraternity Corporation with process, so the Court's entry of default is improper.**

The Court's inquiry need proceed no further than to confirm Plaintiff failed to serve the Fraternity Corporation with process.  Because Plaintiff did not comply with Rule 4(d)(8), SCRCP, the Court should grant the Fraternity Corporation relief from default.

Service upon a corporation may be made "by registered or certified mail, return receipt requested and delivery restricted to the addressee."  Rule 4(d)(8), SCRCP.  Yet, certified mail service "shall not be the basis for the entry of a default or a judgment by default unless the record contains a return receipt showing the acceptance by the defendant."  *Id.*  Plaintiffs bear the burden of proving that service of process was legally sufficient, *Jensen v. Doe*, 292 S.C. 592, 594, 358 S.E.2d 148, 148 (Ct. App. 1987), and also the burden of establishing personal jurisdiction over each defendant.  *Fassett v. Evans*, 364 S.C. 42, 47, 610 S.E.2d 841, 843 (Ct. App. 2005).

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

Here, Plaintiff did not serve the Fraternity Corporation with process. Plaintiff has inaccurately claimed delivery of certified mail on the "Registered Agent of Defendant Beta Upsilon Chi Fraternity, Inc." in College Station, Texas on July 20, 2021. (Pl.'s Certificate of Service – Certified Mail, Aug. 20, 2021.) As stated by Brian Lee, delivery of any certified mail could not have been completed at the registered agent's address because he was out of state with his family. (Lee Aff. ¶ 7.) Although Plaintiff asserts that process was delivered on July 20th as shown on the August 2, 2021 USPS tracking information, (*id.*), the updated USPS tracking information shows the certified mail was unclaimed and returned to Plaintiff, the original sender, on October 6, 2021. (**Exhibit 3**, USPS Tracking Information, Dec. 22, 2022.) So service of process could not have been completed as Plaintiff claims.

## II. Default judgment is procedurally improper because Plaintiff has failed to file executed proof of delivery with the Court

In any event, default judgment would be procedurally improper here. Plaintiff did not attach a return receipt to his proof of service as required by Rule 4(d)(8), SCRCP. (Pl.'s Certificate of Service – Certified Mail, Aug. 20, 2021.) He attached only a printout of the USPS tracking information from its website, which contains no signed return receipt. (*Id.*) As explained above, that tracking information was incomplete—the current tracking information available on the USPS website shows that the package was returned to Plaintiff's counsel in Greenville. (Exhibit 3, USPS Tracking Information.)

Even if Plaintiff could produce an executed certified mail return receipt, it would likely still be insufficient. During the pandemic, the United States Postal Service implemented alternative certified mail procedures in response to Covid. *See* Customer Signature Service: Covid-19 Response and Prevention (March 19, 2020). Under these procedures, mail carriers would not secure signatures from recipients, even when the certified mail was marked restricted

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

delivery. *Id.* The failure to secure an authorized signature on the return receipt is fatal to the validity of the service of process, at least for the Plaintiff to be entitled to default judgment. *CUC Properties VI, LLC v. Smartlink Ventures, Inc.*, 178 N.E.3d 556, 560 (Ohio 2021) (vacating default judgment because defendant did not sign certified mail return receipt); *Copeland v. Internal Revenue Servs*., No. 3:20-CV-3288-L-BH, 2021 WL 3713071, at *6 (N.D. Tex. Aug. 4, 2021), report and recommendation adopted, No. 3:20-CV-3288-L-BH, 2021 WL 3710567 (N.D. Tex. Aug. 19, 2021) (finding that, because the return receipt contained "C19" instead of the recipient's name, defendant was not properly served); *Melinta Therapeutics, LLC v. U.S. Food & Drug Admin*., No. CV 22-2190 (RC), 2022 WL 6100188, at *6 (D.D.C. Oct. 7, 2022) (same).

Therefore, this Court should reject Plaintiff's attempt to hold the Fraternity Corporation in default and give the Fraternity Corporation an opportunity to respond to the Complaint and defend itself on the merits.

### III. Even if the Fraternity Corporation were served, default judgment should not be granted because the Fraternity Corporation has satisfied all elements supporting relief under Rule 55(c).

Because Plaintiff failed to serve the Fraternity Corporation with process, the Court's analysis need proceed no further. If it does, however, sufficient grounds for relief under the lenient "good cause" standard of Rule 55(c), SCRCP exist, so the Court should grant the Fraternity Corporation relief from default.

So far, the only action the Court has taken has been the entry of default, not a default judgment. "The entry of default is an official recognition of the failure to appear or otherwise respond, but it *is not* a judgment by default." *Beckham v. Durant*, 300 S.C. 329, 331, 387 S.E.2d 701, 703, n.2 (Ct. App. 1989) (emphasis added). Because only an entry of default has occurred, the "good cause" standard in Rule 55(c) applies to the present motion for relief.

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

Rule 55(c) was specifically designed to provide a clear and readily available avenue for remedying a party's default by permitting relief from the mere entry of default where there is "good cause," despite a mistake or delay by the defaulting party.  In doing so, Rule 55 embodies South Carolina's strong public policy in favor of litigation being decided on the actual merits of the case, rather than due to a procedural error by a party.  "Rule 55(c) should be liberally construed so as to promote justice and dispose of cases on the merits."  *In re Moore*, 342 S.C. 1, 5 n.7, 536 S.E.2d 367, 369 n.7 (2000); *see also Melton v. Olenik*, 379 S.C.  45, 664 S.E.2d 487 (Ct.  App.  2008).

Even if service upon the Fraternity Corporation were somehow effective, relief from default is proper for three reasons.  First, its failure to respond is excusable and justified based on the confluence of circumstances of the attempted service of the summons and complaint.  Because the summons and complaint were not properly served on the Fraternity Corporation, it was not aware that it had any obligation to respond until it received notice of the default damages hearing four days ago.  (Lee Aff. ¶ 9.)  Its ignorance of the response deadline is bolstered by Mr. Ellis's conversation with Plaintiff's counsel in which he agreed to contact Mr. Ellis about the lawsuit if Plaintiff chose to proceed, (Ellis Aff. ¶¶ 9–11), as well as the representation by Plaintiff's father that the Fraternity Corporation would eventually "be officially served" with the complaint, (Lee Aff. ¶ 5).  Such an administrative oversight caused by a communication error is a valid ground for setting aside entry of default.  *See*, *e.g.*, *Suarez v. Portfolio Recovery Assocs., LLC*, No. 11-80778-CIV, 2011 WL 13228565, at *2 (S.D. Fla. Oct. 13, 2011) (finding that excusable neglect was present where although the defendant "knew about the existence of the case," it was still unable to prevent an "internal breakdown in communication"); *Metcalf v. E.I. du Pont de Nemours & Co.*, No. CIV. 05-1035 MJD/SRN, 2006 WL 1877069, at *4 (D. Minn. July 6, 2006) (finding that relief from entry of default was appropriate when the defendant's failure to answer was due to neglect

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

and "poor communication in its general counsel's office," and the defendant promptly investigated the appropriate response as soon as it learned of the motion for default judgment).

Second, it can hardly be said that the Fraternity Corporation was not diligent once it learned of the purported default. In a mere four days, the Fraternity Corporation investigated the claimed default, retain counsel, and filed this motion for relief supported by two affidavits. The speed with which it has acted—especially on the eve of the holidays—shows that it has not been dilatory. This swift action supports a finding that it has timely moved for relief under Rule 55(c), SCRCP.

Third, the Fraternity Corporation has various meritorious defenses, including the lack of personal jurisdiction, Plaintiff's inability to establish vicarious liability, and the lack of a duty of care owed. The Fraternity Corporation need not establish that its defenses will ultimately carry the day—a meritorious defense is "only one which is worthy of a hearing or judicial inquiry because it raises a question of law deserving of some investigation and discussion or a real controversy as to real facts arising from conflicting or doubtful evidence." *Mictronics, Inc. v. S.C. Dep't of Revenue*, 345 S.C. 506, 511, 548 S.E.2d 223, 226 (Ct. App. 2001) (quotation omitted). Here, a meritorious defense exists because there are significant questions of whether the Fraternity Corporation owed any duty to Plaintiff and whether it even is responsible for his alleged injuries.

**IV.    Plaintiff would not be prejudiced by relieving the Fraternity Corporation from default because he has failed to serve the remaining defendants with process.**

Plaintiff will not be prejudiced if the Court sets aside entry of default and allows the parties to proceed on the merits of the case. Prejudice must, at a minimum, be more than the delay resulting from default and the burden of litigating the case on the merits. *See In re Estate of Weeks*, 329 S.C. 251, 259, 495 S.E.2d 454, 459 (Ct. App. 1997); *see also Berthelsen v. Kane*, 907 F.2d 617 (6th Cir. 1990) (finding that delay alone is insufficient for establishing necessary prejudice to warrant refusal to set aside default judgment). Regardless of the default, Plaintiff will have to

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

proceed on the merits against other defendants—defendants he has also not yet even served. Plaintiff will suffer no legal disadvantage in his claims against the Fraternity Corporation if he must litigate his claims on the merits against others at the same time.  As a result, Plaintiff's burden if the Fraternity Corporation is relieved from default would solely be litigating the case on the merits as to the Fraternity Corporation, which cannot uphold the entry of default.

## Conclusion

Because Plaintiff did not serve it with process, the Court lacks jurisdiction over the Fraternity Corporation. Plaintiff compounded this error by not filing the certified mail return receipt as required by Rule 4(d)(8), SCRCP.  And even if the Fraternity Corporation were properly served, each factor supporting setting aside the default under Rule 55 weighs in favor of the relief the Fraternity Corporation seeks.  As a result, default judgment against the Fraternity Corporation is not proper and it should be given an opportunity to defend against the claims.

For the reasons set forth above, the Court should cancel the default judgment damages hearing and grant the Fraternity Corporation relief from default.  The Fraternity Corporation can then accept service and answer or otherwise respond to the Complaint in the normal course.

NELSON MULLINS RILEY & SCARBOROUGH LLP

By: */s/ Matthew A. Abee* _____
    Matthew A.  Abee, SC Bar No.  101100
    E-Mail: matt.abee@nelsonmullins.com
    Tyler Walker, S.C.  Bar No.  105339
    Email: tyler.walker@nelsonmullins.com
    1320 Main Street / 17th Floor
    Post Office Box 11070 (29211-1070)
    Columbia, SC 29201
    (803) 799-2000

*Attorneys for Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi*

Columbia, South Carolina
December 22, 2022

DEFENDANT'S
EXHIBIT
1

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

STATE OF SOUTH CAROLINA
COUNTY OF RICHLAND

IN THE COURT OF COMMON PL[...]
FIFTH JUDICIAL CIRCUIT

Logan Saunders,

Plaintiff,

vs.

Beta Upsilon Chi Fraternity, Inc., a/k/a Beta
Upsilon Chi, Michael Vinzani, Graham
Harmon, and Walker Wood,

Defendants.

Civil Action No. 2022-CP-40-03542

**Affidavit of Brian Lee**
in Support of the Motion for Relief from Default
by Beta Upsilon Chi Fraternity, Inc., a/k/a Beta
Upsilon Chi

Before me, the undersigned Notary Public duly authorized to administer oaths, appeared Brian Lee, who, after being sworn, testifies:

1.      I am over the age of 18, and under no legal or other disability that would prevent me from truthfully testifying and am competent to testify as to the statements set forth below.

2.      I testify based on personal knowledge and, where stated, upon my review of the business records of Defendant Beta Upsilon Chi Fraternity, Inc. (the "Fraternity Corporation").

3.      In July 2021, I was the National President of the Fraternity Corporation and its registered agent residing in Texas.  I was previously a member of the Board of Directors.  In these positions, I was and am authorized to certify business records from the Fraternity Corporation and have continuing access to those records.  I am knowledgeable about the Fraternity Corporation's affairs and operations.  I am authorized to testify on its behalf to the matters set forth below.

4.      In July 2021, I received a call from Plaintiff's father, who suggested that I contact attorney Wesley D. Few, who had been retained to represent Plaintiff.

5.      Plaintiff's father then sent me an email on July 16, 2021, stating in part, "You will be officially served by the court but this is provided for your reference.  I encourage you to reach

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

*Affidavit of Brian Lee*
2022-CP-40-02542

out to Logan's attorney, Wes Few, to begin a conversation about how these complaints can be resolved."

6.      I passed the contact information for Plaintiff's counsel to Christian Ellis. He contacted Plaintiff's counsel, but based on his phone call and report back to me, it was unclear whether Plaintiff would be pursuing any claims against the Fraternity Corporation.

7.      While my family and I were on vacation in Washington DC during the period of July 16, 2021 and July 29, 2021 and I was in Israel on a business trip during the period of July 29, 2021 and August 8, 2021, I learned that someone came by the house to deliver mail, but would not leave the package because it was sent by certified mail and required a signature. Because I was out of the state and country, I never received the package. I assumed it would be resent but it never was.

8.      The Fraternity Corporation has not been served with process and has never received a Summons or Complaint in this lawsuit. Nor have I accepted or waived formal service of process.

9.      On December 19, 2022, I received paperwork notifying me of a default damages hearing in Richland County. This notice was the first thing I had heard about the case in over a year. Upon learning that a default judgment damages hearing had been scheduled, I immediately assisted the Fraternity Corporation to act diligently in investigating the purported default and in retaining counsel to pursue a defense against the claims.

Brian Lee

Sworn and subscribed to before me on
December 22, 2022

Signature: _____
Notary Public for Texas
Print: Vincent Leahy
My Commission Expires: 10-31-2026



VINCENT OFIR LEAHY
Notary Public, State of Texas
Comm. Expires 10-31-2026
Notary ID 134042267



ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

STATE OF SOUTH CAROLINA
COUNTY OF RICHLAND

IN THE COURT OF COMMON PLEAS
FIFTH JUDICIAL CIRCUIT

Logan Saunders,

Plaintiff,

vs.

Beta Upsilon Chi Fraternity, Inc., a/k/a Beta
Upsilon Chi, Michael Vinzani, Graham
Harmon, and Walker Wood,

Defendants.

Civil Action No. 2022-CP-40-03542

**Affidavit of Christian Ellis**
in Support of the Motion for Relief from Default
by Beta Upsilon Chi Fraternity, Inc., a/k/a Beta
Upsilon Chi

Before me, the undersigned Notary Public duly authorized to administer oaths, appeared

Christian Ellis, who, after being sworn, testifies:

1.      I am over the age of 18, and under no legal or other disability that would prevent

me from truthfully testifying and am competent to testify as to the statements set forth below.

2.      I testify based on personal knowledge and, where stated, upon my review of the

business records of Defendant Beta Upsilon Chi Fraternity, Inc. (the "Fraternity Corporation").

3.      I am a member of the Board of Directors of the Fraternity Corporation.  I am also

an attorney with Bonds Ellis Eppich Schafer Jones LLP, located in Fort Worth, Texas.  I am not

licensed to practice in South Carolina.

4.      In July 2021, I was informed by Brian Lee that he had received a call from

Plaintiff's father, who suggested that he contact attorney Wesley D. Few, who had been retained

to represent Plaintiff.  Brian Lee indicated that he was uncomfortable talking to Plaintiff's counsel

and asked that I reach out to find out the reason for Plaintiff's father's call.

5.      On or about July 30, 2021, I spoke on the telephone with Mr. Few, in response to

Mr. Lee's request and as a courtesy to the Plaintiff's father.  I made it clear to Mr. Few that I was

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

*Affidavit of Christian Ellis*
2022-CP-40-02542

calling not as an attorney, but as a concerned Board Member in response to Plaintiff's father's request, to ask about the status of any claims Plaintiff may be pursuing.

6.      I expressly told Plaintiff's counsel that I was not licensed in South Carolina, that I was licensed in Texas, but not acting as an attorney for the Fraternity Corporation.

7.      I relayed to him that Brian Lee was concerned about the possibility of a lawsuit, as a result of the phone call from the Plaintiff's father, but that no one with the Fraternity Corporation had been served with process of any lawsuit.

8.      Plaintiff's counsel and I discussed generally the nature of his engagement with Plaintiff, primarily regarding the allegedly false allegations made against Plaintiff by other college students. We did not discuss the details of any allegations against the Fraternity Corporation, as both of us were on vacation at the time, and Plaintiff's counsel stated that he was pressed for time, and I too was engaged with my family that day.  I inquired as to whether or not the Plaintiff was desiring money from the Fraternity Corporation or if this was more of a reputation management type of claim, where a letter of apology or some sort of "declaration of innocence" from the Fraternity Corporation would suffice. Plaintiff's counsel responded that he really did not know what the Plaintiff was wanting from the Fraternity Corporation and indicated that he was uncertain whether his client would proceed with a lawsuit against the Fraternity Corporation.  He indicated that it was possible that a letter of apology or some sort of declaration of Plaintiff's innocence may be sufficient for the Plaintiff, and that he would be in contact with the Plaintiff and Plaintiff's father soon to find out more about their intentions.

9.      I asked Plaintiff's counsel that if he intended to proceed with a lawsuit against the Fraternity Corporation, or if he found out what kind of writing may be requested of the Fraternity

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

*Affidavit of Christian Ellis*
2022-CP-40-02542

Corporation, that he please call me as a courtesy, so that we could hopefully work together to resolve any concerns the Plaintiff may have. He agreed that he would do so.

10.    I never heard back from Plaintiff's counsel again.

11.    In the event that I did hear back from Plaintiff's counsel that he would proceed with a lawsuit, my intention was to have the Fraternity Corporation retain counsel to accept service of the lawsuit. I also told Brian Lee to be on the lookout for any service of any legal papers, and that if he was ever served with any legal papers, to let me know right away. At least one time afterwards, Brian Lee told me that he had not been served with any legal documents and not heard anything from Plaintiff, Plaintiff's father, or Plaintiff's counsel regarding any potential claims of the Plaintiff.

12.    I have not been served with process on behalf of the Fraternity Corporation, nor have I accepted or waived formal service of process.

13.    The day that Brian Lee received legal papers of the default judgment hearing scheduled for January 5, he called me, and informed me that this was the first legal document he had ever received regarding the Plaintiff's claim. Upon learning that a default judgment damages hearing had been scheduled, I immediately assisted the Fraternity Corporation to act diligently in investigating the purported default and in retaining counsel to pursue a defense against the claims. That this lawsuit has been moving forward in South Carolina has been a complete surprise to me. Mr. Lee's telling me that he had received a default hearing notice was the first I learned that a lawsuit was active against the Fraternity Corporation.

*Affidavit of Christian Ellis*
2022-CP-40-02542



Christian Ellis

Sworn and subscribed to before me on
December 22, 2022

Signature:
Notary Public for
Print:
My Commission Expires:

HEATHER MATHIS
Notary ID # 125859917
My Commission Expires
12-03-2026

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

# USPS Tracking®

FAQs ›



**Remove ✕**

**Tracking Number:**

## 70183090000077715199

Copy    Add to Informed Delivery
**(https://informeddelivery.usps.com/)**

## Latest Update

Your item has been delivered to the original sender at 3:15 pm on October 6, 2021 in GREENVILLE, SC 29604.

**Get More Out of USPS Tracking:**

  USPS Tracking Plus®

● **Delivered**
**Delivered, To Original Sender**
GREENVILLE, SC 29604
October 6, 2021, 3:15 pm

● **Available for Pickup**
GREENVILLE, SC 29604
September 30, 2021, 11:29 am

● **Arrived at Post Office**
GREENVILLE, SC 29604
September 30, 2021, 11:28 am

● **Out for Delivery**
GREENVILLE, SC 29602
September 30, 2021, 8:32 am

● **Departed USPS Regional Destination Facility**
NORTH HOUSTON TX DISTRIBUTION CENTER

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

Feedback

September 19, 2021, 1:52 pm

**Unclaimed/Being Returned to Sender**
COLLEGE STATION, TX 77840

September 18, 2021, 12:42 pm

**Delivered, Left with Individual**
COLLEGE STATION, TX 77845
July 20, 2021, 4:06 pm

**Arrived at USPS Regional Destination Facility**
NORTH HOUSTON TX DISTRIBUTION CENTER
July 18, 2021, 5:00 pm

**In Transit to Next Facility**
July 17, 2021

**Arrived at USPS Regional Origin Facility**
GREENVILLE SC DISTRIBUTION CENTER
July 16, 2021, 9:44 pm

**USPS in possession of item**
GREENVILLE, SC 29604
July 16, 2021, 3:50 pm

**Hide Tracking History**

---

**Text & Email Updates**    ⌄

---

**USPS Tracking Plus®**    ⌄

---

**Product Information**    ⌃

**Postal Product:** First-Class Mail®

**Features:**
Certified Mail Restricted Delivery

**See tracking for related item:**
**9590940246438323696134 (/go/TrackConfirmAction?tLabels=9590940246438323696134)**

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542
Feedback

USPS.com® - USPS Tracking® Results

## See Less ∧

Track Another Package

```
Enter tracking or barcode numbers
```

# Need More Help?

Contact USPS Tracking support for further assistance.

### FAQs

ELECTRONICALLY FILED - 2022 Dec 23 5:40 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

Feedback

ELECTRONICALLY FILED - 2023 Mar 17 10:00 AM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | 5th JUDICIAL CIRCUIT |
| | ) | |
| Logan Saunders, | ) | |
| | ) | Case No: 2021-CP-40-03542 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **MOTION FOR CONTINUANCE** |
| Beta Upsilon Chi Fraternity, Inc., a/k/a Beta | ) | |
| Upsilon Chi, Michael Vinzani, Graham | ) | |
| Harmon, and Walker Wood, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Counsel for the Plaintiff makes this motion for a continuance of all pending motions and hearing on damages. Currently there is a Hearing set for Monday, March 20, 2023, at 9:00 a.m. Because Defendants are requesting a hearing for their motion to be heard, until that is scheduled, our Default Damages hearing cannot be held. In addition, counsel had an unexpected family trip come up and is filing a Order of Protection which will be from March 17-March 24, 2023. Counsel to Defendants has consented to this motion.

**WESLEY D. FEW, LLC**

__s/Wesley D. Few/_____
Wesley D. Few, S.C. Bar No. 15565
Post Office Box 9398
Greenville, South Carolina 29604
(864) 527-5906 | wes@wesleyfew.com

ATTORNEYS FOR PLAINTIFF

Greenville, South Carolina
March 17, 2023

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |

STATE OF SOUTH CAROLINA                )        IN THE COURT OF COMMON PLEAS

                                       )

COUNTY OF RICHLAND                     )        5th JUDICIAL CIRCUIT

                                       )

Logan Saunders,                        )

                                       )        Case No: 2021-CP-40-03542

            Plaintiff,                 )

    v.                                 )

                                       )        **ORDER FOR PROTECTION**

Beta Upsilon Chi Fraternity, Inc., a/k/a Beta   )

Upsilon Chi, Michael Vinzani, Graham   )

Harmon, and Walker Wood,               )

                                       )

            Defendants.                )

_____ )


        Appearing unto these Honorable Courts that Wesley D. Few has requested
protection for the case listed above during the following dates:


● March 17-24, 2023 – College Visits with daughter in multiple states


        IT IS HEREBY ORDERED that Wesley D. Few be protected from all Court appearances
in the Court of Common Pleas during that period of time.


        AND IT IS SO ORDERED this _____ day of _____, 2023.



                                       _____

                                       The Honorable

                                       Chief Administrative Judge



Columbia, South Carolina



<div align="center" style="color:red">

****** IMPORTANT NOTICE - READ THIS INFORMATION *****
NOTICE OF ELECTRONIC FILING [NEF]

</div>

**A filing has been submitted to the court RE:** 2021CP4003542

| | |
|---|---|
| **Official File Stamp:** | 03-17-2023 10:00:11 AM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Richland |
| **Case Caption:** | Logan Saunders vs Beta Upsilon Chi Fraternity Inc , defendant, et al |
| **Document(s) Submitted:** | Motion/Continuance |
| | Proposed Order/Protection from Court Appearance |
| **Filed by or on behalf of:** | Wesley D. Few |

This notice was automatically generated by the Court's auto-notification system.

**The following people were served electronically:**

Matthew A. Abee for Beta Upsilon Chi Fraternity Inc, Beta Upsilon Chi
Tyler L. Walker for Beta Upsilon Chi Fraternity Inc, Beta Upsilon Chi
Wesley D. Few for Logan Saunders

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Michael Vinzani
Graham Harmon
Walker Wood

ELECTRONICALLY FILED - 2023 Mar 18 5:47 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

STATE OF SOUTH CAROLINA     )     IN THE COURT OF COMMON PLEAS
     )
COUNTY OF RICHLAND     )     5th JUDICIAL CIRCUIT
     )
Logan Saunders,     )
     )     Case No: 2021-CP-40-03542
     Plaintiff,     )
     v.     )
     )     **ORDER FOR PROTECTION**
Beta Upsilon Chi Fraternity, Inc., a/k/a Beta     )
Upsilon Chi, Michael Vinzani, Graham     )
Harmon, and Walker Wood,     )
     )
     Defendants.     )
     )

     Appearing unto these Honorable Courts that Wesley D. Few has requested protection for the case listed above during the following dates:

- March 17-24, 2023 – College Visits with daughter in multiple states

     IT IS HEREBY ORDERED that Wesley D. Few be protected from all Court appearances in the Court of Common Pleas during that period of time.

     AND IT IS SO ORDERED this _____ day of _____, 2023.


_____
The Honorable

Chief Administrative Judge


Columbia, South Carolina

ELECTRONICALLY FILED - 2023 Mar 18 5:47 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542



Richland Common Pleas

**Case Caption:**    Logan  Saunders vs   Beta Upsilon Chi Fraternity Inc , defendant, et al

**Case Number:**    2021CP4003542

**Type:**    Order/Protection from Court Appearance

IT IS SO ORDERED

s/ Alison Renee Lee, Chief Administrative Judge

Electronically signed on 2023-03-17 15:37:31    page 2 of 2



****** IMPORTANT NOTICE - READ THIS INFORMATION *****
NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:**  2021CP4003542

| | |
|---|---|
| **Official File Stamp:** | 03-18-2023 05:47:19 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Richland |
| **Case Caption:** | Logan Saunders vs Beta Upsilon Chi Fraternity Inc , defendant, et al |
| **Document(s) Submitted:** | Order/Protection from Court Appearance Order/Protection from Court Appearance |
| **Filed by or on behalf of:** | Alison Lee |

This notice was automatically generated by the Court's auto-notification system.

**The following people were served electronically:**

Matthew A. Abee for Beta Upsilon Chi Fraternity Inc, Beta Upsilon Chi
Tyler L. Walker for Beta Upsilon Chi Fraternity Inc, Beta Upsilon Chi
Wesley D. Few for Logan Saunders

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Michael Vinzani
Graham Harmon
Walker Wood

ELECTRONICALLY FILED - 2023 Apr 17 1:59 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at *www.usps.com®*.

College Station, TX 77845

| | | |
|---|---|---|
| Certified Mail Fee | | 0272 |
| $ | $2.85 | 06 |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $9.15 | Postmark |
| ☒ Certified Mail Restricted Delivery | $ $0.00 | Here |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | | |
| $ | $2.00 | 07/16/2021 |
| Total Postage and Fees | | |
| $ | $14.00 | |

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047     See Reverse for Instructions

7018 3090 0000 7771 5199

OFFICIAL USE

---

**UNITED STATES**
**POSTAL SERVICE.**

STATION A
19 CONESTEE AVE
GREENVILLE, SC 29604-9998
(800)275-8777

07/16/2021                                    03:51 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® | 1 | | $2.00 |
| Large Envelope | | | |

College Station, TX 77845
Weight: 0 lb 5.10 oz
Estimated Delivery Date
    Tue 07/20/2021
Restricted Del

| | | |
|---|---|---|
| Recipient name | | $9.15 |
| BRIAN LEE | | |

Tracking #:
    70183090000077715199
Return Receipt                                 $2.85
Tracking #:
    9590 9402 4643 8323 6961 34

Total                                          $14.00

Grand Total:                                   $14.00

Debit Card Remitted                            $14.00
Card Name: VISA
Account #: XXXXXXXXXXXX4288
Approval #: 602862
Transaction #: 015
Receipt #: 041458
Debit Card Purchase: $14.00
AID: A0000000980840
AL: US DEBIT                           Chip
PIN: Verified

*****************************************
USPS is experiencing unprecedented volume
    increases and limited employee
    availability due to the impacts of
COVID-19. We appreciate your patience.
*****************************************

Preview your Mail
Track your Packages
Sign up for FREE @

ELECTRONICALLY FILED - 2023 Apr 19 1:44 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | 5th JUDICIAL CIRCUIT |
| | ) | |
| Logan Saunders, | ) | |
| | ) | Case No: 2021-CP-40-03542 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | **CONSENT MOTION FOR** |
| Beta Upsilon Chi Fraternity, Inc., a/k/a Beta | ) | **CONTINUANCE** |
| Upsilon Chi, Michael Vinzani, Graham | ) | |
| Harmon, and Walker Wood, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Counsel for the Parties make this motion for a continuance from the trial roster currently set for Monday, April 24, 2023, at 9:00 a.m. In support of this motion as good ground, Judge Coble just heard Defendants' Motion for Relief from Default on Monday, April 17th, and has taken it under advisement. The parties would ask that this case not be placed back on any trial roster until the Court decides the default motion. Counsel to Defendants consent to this motion.

**WESLEY D. FEW, LLC**

/s/Wesley D. Few
Wesley D. Few, S.C. Bar No. 15565
Post Office Box 9398
Greenville, South Carolina 29604
(864) 527-5906 | wes@wesleyfew.com

ATTORNEYS FOR PLAINTIFF

Greenville, South Carolina
April 19, 2023



<span style="color:red">****** IMPORTANT NOTICE - READ THIS INFORMATION *****</span>
<span style="color:red">NOTICE OF ELECTRONIC FILING [NEF]</span>

**A filing has been submitted to the court RE:** 2021CP4003542

| | |
|---|---|
| **Official File Stamp:** | 04-19-2023 01:44:29 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Richland |
| **Case Caption:** | Logan Saunders vs Beta Upsilon Chi Fraternity Inc , defendant, et al |
| **Document(s) Submitted:** | Motion/Continuance |
| **Filed by or on behalf of:** | Wesley D. Few |

This notice was automatically generated by the Court's auto-notification system.

**The following people were served electronically:**

> Matthew A. Abee for Beta Upsilon Chi Fraternity Inc, Beta Upsilon Chi
> Tyler L. Walker for Beta Upsilon Chi Fraternity Inc, Beta Upsilon Chi
> Wesley D. Few for Logan Saunders

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

> Michael Vinzani
> Graham Harmon
> Walker Wood

ELECTRONICALLY FILED - 2023 Apr 23 4:23 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | FIFTH JUDICIAL CIRCUIT |
| COUNTY OF RICHLAND | ) | |
| | ) | |
| Logan Saunders, | ) | Civil Action No. 2021-CP-40-03542 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **Order of Continuance** |
| | ) | |
| Beta Upsilon Chi Fraternity, Inc., a/k/a | ) | |
| Beta Upsilon Chi, Michael Vinzani, | ) | |
| Graham Harmon, and Walker Wood, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Before the Court is the consent motion for a continuance from the April 24, 2023 trial roster by Plaintiff Logan Saunders. The parties request that the action be removed from the jury trial roster because the Court has not yet ruled on Defendant Beta Upsilon Chi Fraternity, Inc.'s Motion for Relief from Default.

The Court **GRANTS** the motion and **ORDERS** that the case is continued from the April 24, 2023 trial roster and the parties need not appear at the roster meeting.

**IT IS SO ORDERED**.

**[Court's electronic signature page to follow.]**

ELECTRONICALLY FILED - 2023 Apr 23 4:23 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542



Richland Common Pleas

**Case Caption:**     Logan  Saunders vs   Beta Upsilon Chi Fraternity Inc , defendant, et al

**Case Number:**     2021CP4003542

**Type:**     Order/Continuance

IT IS SO ORDERED

s/ Alison Renee Lee, Chief Administrative Judge

Electronically signed on 2023-04-23 15:07:30     page 2 of 2



****** IMPORTANT NOTICE - READ THIS INFORMATION *****
NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:** 2021CP4003542

| | |
|---|---|
| **Official File Stamp:** | 04-23-2023 04:23:33 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Richland |
| **Case Caption:** | Logan Saunders vs Beta Upsilon Chi Fraternity Inc , defendant, et al |
| **Document(s) Submitted:** | Order/Continuance Order/Continuance |
| **Filed by or on behalf of:** | Alison Lee |

This notice was automatically generated by the Court's auto-notification system.

**The following people were served electronically:**

Matthew A. Abee for Beta Upsilon Chi Fraternity Inc, Beta Upsilon Chi
Tyler L. Walker for Beta Upsilon Chi Fraternity Inc, Beta Upsilon Chi
Wesley D. Few for Logan Saunders

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Michael Vinzani
Graham Harmon
Walker Wood

**FORM 4**

| | |
|---|---|
| STATE OF SOUTH CAROLINA | JUDGMENT IN A CIVIL CASE |
| COUNTY OF  Richland | |
| IN THE COURT OF COMMON PLEAS | CASE NO.  2021CP4003542 |

Logan Saunders

PLAINTIFF(S)

Beta Upsilon Chi Fraternity Inc et al

DEFENDANT(S)

## DISPOSITION TYPE (CHECK ONE)

☐ **JURY VERDICT**. This action came before the court for a trial by jury. The issues have been tried and a verdict rendered.

☑ **DECISION BY THE COURT**. This action came to trial or hearing before the court. The issues have been tried or heard and a decision rendered.

☐ **ACTION DISMISSED** (*CHECK REASON*): ☐ Rule 12(b), SCRCP; ☐ Rule 41(a), SCRCP (Vol. Nonsuit); ☐ Rule 43(k), SCRCP (Settled); ☐ Other

☐ **ACTION STRICKEN** (*CHECK REASON*): ☐ Rule 40(j), SCRCP; ☐ Bankruptcy; ☐ Binding arbitration, subject to right to restore to confirm, vacate or modify arbitration award; ☐ Other

☐ **STAYED DUE TO BANKRUPTCY**

☐ **DISPOSITION OF APPEAL TO THE CIRCUIT COURT** (*CHECK APPLICABLE BOX*): ☐ Affirmed; ☐ Reversed; ☐ Remanded; ☐ Other

NOTE:   ATTORNEYS   ARE   RESPONSIBLE   FOR   NOTIFYING   LOWER   COURT,   TRIBUNAL,   OR ADMINISTRATIVE AGENCY OF THE CIRCUIT COURT RULING IN THIS APPEAL.

**IT IS ORDERED AND ADJUDGED:** ☐ See attached order (formal order to follow) ☑ Statement of Judgment by the Court:

Defendant's Motion for Relief from Default is hereby granted. Formal order to follow.

## ORDER INFORMATION

This order ☐ ends ☑ does not end the case.    ☐ See Page 2 for additional information.

## For Clerk of Court Office Use Only

This judgment was electronically entered by the Clerk of Court as reflected on the Electronic Time Stamp, and a copy mailed first class to any party not proceeding in the Electronic Filing System on  04/26/2023 .

Michael Vinzani
Graham Harmon
Walker Wood

## NAMES OF TRADITIONAL FILERS SERVED BY MAIL

SCRCP Form 4CE (08/31/2017)                                                    Page 1 of 2

ELECTRONICALLY FILED - 2023 Apr 26 4:01 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

**Court Reporter:**

**E-Filing Note:  The date of Entry of Judgment is the same date as reflected on the Electronic File Stamp and the clerk's entering of the date of judgment above is not required in those counties. The clerk will mail a copy of the judgment to parties who are not E-Filers or who are appearing pro se. See Rule 77(d), SCRCP.**

ELECTRONICALLY FILED - 2023 Apr 26 4:01 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

ELECTRONICALLY FILED - 2023 Apr 26 4:01 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542



## Richland Common Pleas

**Case Caption:**     Logan  Saunders vs   Beta Upsilon Chi Fraternity Inc , defendant, et al

**Case Number:**     2021CP4003542

**Type:**     Order/Electronic Form 4

So Ordered

s/ Daniel Coble, 2774

Electronically signed on 2023-04-26 15:00:30     page 3 of 3



****** IMPORTANT NOTICE - READ THIS INFORMATION *****
NOTICE OF ELECTRONIC FILING [NEF]

**A filing has been submitted to the court RE:**  2021CP4003542

| | |
|---|---|
| **Official File Stamp:** | 04-26-2023 04:01:34 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Richland |
| **Case Caption:** | Logan Saunders vs Beta Upsilon Chi Fraternity Inc , defendant, et al |
| **Document(s) Submitted:** | Form 4 Defendant's Motion for Relief from Default is hereby Form 4 Defendant's Motion for Relief from Default is hereby granted. Formal order to follow. |
| **Filed by or on behalf of:** | Daniel Coble |

This notice was automatically generated by the Court's auto-notification system.

**The following people were served electronically:**

Matthew A. Abee for Beta Upsilon Chi Fraternity Inc, Beta Upsilon Chi
Tyler L. Walker for Beta Upsilon Chi Fraternity Inc, Beta Upsilon Chi
Wesley D. Few for Logan Saunders

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Michael Vinzani
Graham Harmon
Walker Wood

ELECTRONICALLY FILED - 2023 May 04 2:36 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

STATE OF SOUTH CAROLINA

COUNTY OF RICHLAND

IN THE COURT OF COMMON PLEAS
FIFTH JUDICIAL CIRCUIT

Logan Saunders,

Plaintiff,

vs.

Beta Upsilon Chi Fraternity, Inc., a/k/a Beta
Upsilon Chi, Michael Vinzani, Graham
Harmon, and Walker Wood,

Defendants.

Civil Action No.  2021-CP-40-03542

**Order Granting Defendant Beta Upsilon Chi
Fraternity, Inc. Relief from Default**

Before the Court is the Motion for Relief from Default filed by Defendant Beta Upsilon Chi Fraternity, Inc. (the "Fraternity Corporation"), which made a limited appearance to challenge the Court's personal jurisdiction under Rules 12(b)(2) and (5), SCRCP, and to seek relief from the default erroneously entered against it under Rule 55, SCRCP.  The Fraternity Corporation challenges whether service of process by certified mail was completed on it in Texas, and requests the Court vacate its prior order entering default.

The Court **GRANTS** the motion.  It finds and concludes that the record confirms service of process was not perfected on the Fraternity Corporation.[1]  As a result, the Court **ORDERS**:

A.    That the adjudication of default and entry of default is hereby vacated.

B.    As the Fraternity Corporation offered to do in its motion, the Fraternity Corporation shall accept service of process and make a formal appearance in this case.  Thereafter, it shall have thirty days to answer or otherwise respond to the Summons and Complaint, retaining all defenses given its limited appearance to date.

**IT IS SO ORDERED.**

ELECTRONIC SIGNATURE TO FOLLOW

---

[1] And in any event, the record lacks a sufficient certified mail return receipt for default to be procedurally proper.



## Richland Common Pleas

**Case Caption:**     Logan  Saunders vs   Beta Upsilon Chi Fraternity Inc , defendant, et al

**Case Number:**     2021CP4003542

**Type:**     Order/Relief


So Ordered

s/ Daniel Coble, 2774

Electronically signed on 2023-05-04 12:05:03     page 2 of 2

ELECTRONICALLY FILED - 2023 May 04 2:36 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542



<span style="color:red">****** IMPORTANT NOTICE - READ THIS INFORMATION *****</span>
<span style="color:red">NOTICE OF ELECTRONIC FILING [NEF]</span>

**A filing has been submitted to the court RE:**  2021CP4003542

| | |
|---|---|
| **Official File Stamp:** | 05-04-2023 02:36:51 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Richland |
| **Case Caption:** | Logan Saunders vs Beta Upsilon Chi Fraternity Inc , defendant, et al |
| **Document(s) Submitted:** | Order Granting Defendant Beta Upsilon Chi Fraternity, Inc. R Order Granting Defendant Beta Upsilon Chi Fraternity, Inc. Relief from Default |
| **Filed by or on behalf of:** | Daniel Coble |

This notice was automatically generated by the Court's auto-notification system.

**The following people were served electronically:**

Matthew A. Abee for Beta Upsilon Chi Fraternity Inc, Beta Upsilon Chi
Tyler L. Walker for Beta Upsilon Chi Fraternity Inc, Beta Upsilon Chi
Wesley D. Few for Logan Saunders

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Michael Vinzani
Graham Harmon
Walker Wood

ELECTRONICALLY FILED - 2023 May 12 2:19 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

_____

IN THE COURT OF COMMON PLEAS
5th Judicial Circuit

Daniel Coble, Circuit Court Judge

_____

CASE NO.: 2021-CP-40-03542

Logan Saunders,

Appellant,

v.

Beta Upsilon Chi Fraternity, Inc., a/k/a Beta
Upsilon Chi, Michael Vinzani, Graham
Harmon, and Walker Wood,

Respondent(s).[1]

**<u>NOTICE OF APPEAL</u>**

Appellant Logan Saunders, hereby gives his notice of appeal of the order entered by this

Court on May 4, 2023, which is attached and further described as follows:

1) **Order Granting Defendant Beta Upsilon Chi Fraternity, Inc. Relief from Default**.

The undersigned counsel certifies that this appeal is timely filed within 30 days of receipt

of notice of the order identified above.


[signature on next page]

_____

[1] Defendant Beta Upsilon Chi Fraternity, Inc., a/k/a Beta Upsilon Chi is the only Respondent.

1

**WESLEY D. FEW, LLC**

___/s/Wesley D. Few_____
Wesley D. Few, S.C. Bar No. 15565
Post Office Box 9398
Greenville, South Carolina 29604
(864) 527-5906 |   wes@wesleyfew.com

ATTORNEYS FOR APPELLANT

Greenville, South Carolina
May 12, 2023

Counsel of Record for Respondent:

Matthew A. Abee
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street 17th Floor
Columbia SC 29201
803-799-2000
matt.abee@nelsonmullins.com

Tyler L. Walker
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street 17th Floor
Columbia SC 29201
803-799-2000
tyler.walker@nelsonmullins.com

ELECTRONICALLY FILED - 2023 May 12 2:19 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

ELECTRONICALLY FILED - 2023 May 12 2:19 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

THE STATE OF SOUTH CAROLINA
In The Court of Appeals

_____

IN THE COURT OF COMMON PLEAS
5th Judicial Circuit

Daniel Coble, Circuit Court Judge

_____

CASE NO.: 2021-CP-40-03542

Logan Saunders,

                                                                                Appellant,

v.

Beta Upsilon Chi Fraternity, Inc., a/k/a Beta
Upsilon Chi, Michael Vinzani, Graham
Harmon, and Walker Wood,

                                                                                Respondents.

**<u>PROOF OF SERVICE</u>**

On behalf of Appellant Logan Saunders, the undersigned hereby certifies that on May 12, 2023, the **Appellants' Notice of Appeal** was served on all counsel of record and the Richland Clerk of Court and the Court of Appeals Clerk of Court via E-File and/ or Email and / or U.S. Mail and / or Hand-Delivery, as follows:


The Honorable Jenny Abbott Kitchings          Richland County Clerk of Court
South Carolina Court of Appeals – Clerk of Court   1701 Main Street #205
Post Office Box 11629                          Columbia, SC 29201
Columbia, South Carolina 29211                 (via E-File / NEF)
ctappfilings@sccourts.org


Matthew A. Abee, Esquire
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
matt.abee@nelsonmullins.com
(via E-File / NEF)

1

ELECTRONICALLY FILED - 2023 May 12 2:19 PM - RICHLAND - COMMON PLEAS - CASE#2021CP4003542

Tyler L. Walker, Esquire
NELSON MULLINS RILEY & SCARBOROUGH LLP
1320 Main Street, 17th Floor
Columbia, SC 29201
tyler.walker@nelsonmullins.com
(via E-File / NEF)

ATTORNEYS FOR RESPONDENTS


/s/Cassy Young_____
Cassy Young

May 12, 2023
Columbia, South Carolina



<span style="color:red">****** IMPORTANT NOTICE - READ THIS INFORMATION *****<br>NOTICE OF ELECTRONIC FILING [NEF]</span>

**A filing has been submitted to the court RE:** 2021CP4003542

| | |
|---|---|
| **Official File Stamp:** | 05-12-2023 02:19:51 PM |
| **Court:** | CIRCUIT COURT |
| | Common Pleas |
| | Richland |
| **Case Caption:** | Logan Saunders vs Beta Upsilon Chi Fraternity Inc , defendant, et al |
| **Document(s) Submitted:** | Appeal/Notice of Appeal to Court of Appeals |
| | Service/Certificate Of Service |
| **Filed by or on behalf of:** | Wesley D. Few |

This notice was automatically generated by the Court's auto-notification system.

**The following people were served electronically:**

Matthew A. Abee for Beta Upsilon Chi Fraternity Inc, Beta Upsilon Chi
Tyler L. Walker for Beta Upsilon Chi Fraternity Inc, Beta Upsilon Chi
Wesley D. Few for Logan Saunders

**The following people have not been served electronically by the Court. Therefore, they must be served by traditional means:**

Michael Vinzani
Graham Harmon
Walker Wood